IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIGHWAY TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 13-11326 (___)<br><br>(Joint Administration Requested) |

**MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order, in substantially the form annexed hereto, pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), extending the deadline (the "Schedules Deadline") by which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") by fifteen (15) days to July 5, 2013. In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

2. The statutory bases for the relief requested herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1007(c), and Local Rule 1007-1(b).

## BACKGROUND

3. On the date hereof (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Concurrently herewith, the Debtors have filed a motion with this Court requesting joint administration of the Debtors' chapter 11 cases (the "Cases") for procedural purposes only. The Debtors are operating their business and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in these cases, and no official committee has yet been appointed by the Office of the United States Trustee (the "U.S. Trustee").

4. With over 30 years of experience, prior to the Petition Date, Highway Technologies was one of the largest traffic safety companies in the United States and a national leader in providing temporary and permanent roadway traffic management and safety services, including pavement marking installations, permanent installations of highway guardrails, barrier walls and signage, and traffic control services for special events. The Company provided such special event services for the Democratic & Republican National Conventions, the Super Bowl, the Lollapalooza Music Festival and Ironman competitions. In addition, the Company offered a complete line of rental products including traffic control devices, trucks, signage and related and equipment. Prior to the Petition Date, the Company operated from 32 locations in 13 states

(Arizona, California, Colorado, Florida, Illinois, Louisiana, Minnesota, Missouri, Montana, Nevada, New Jersey, Oregon and Texas).

5.  Just prior to the Petition Date, the Debtors ceased operations, terminated approximately 740 employees and began the process of securing their assets for sale. The Company intends to offer its inventory and assets for sale piecemeal through private sales and auctions and also branch by branch on a turnkey basis ("Turnkey Branch Sales"). To the extent that the Company is successful at accomplishing some Turnkey Branch Sales, employees could be rehired by the buyers of the branches.

6.  The factual background regarding the Debtors, including their current and historical business operations and the events precipitating their chapter 11 filings, are set forth in detail in the *Declaration of Robert Hookstra in Support of First Day Motions* (the "Hookstra Declaration") filed concurrently herewith and fully incorporated herein by reference.[2]

## RELIEF REQUESTED

7.  By this Motion, the Debtors request that the Court enter an order extending the Schedules Deadline to forty-five (45) days after the Petition Date, from June 19, 2013, the date that the Schedules and Statements are otherwise required to be filed pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), through and including July 5, 2013, without prejudice to the Debtors' right to seek an additional extension of the Schedules Deadline.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Hookstra Declaration.

## BASIS FOR RELIEF

8. Bankruptcy Rule 1007(a) provides that a debtor shall file with the petition a list of each of its creditors and, within 14 days of the filing of the petition, unless the court orders otherwise, a list of equity holders of the debtor. Bankruptcy Rule 1007(a)(5) authorizes the Court to extend a debtor's time to file such lists on motion for cause shown.

9. Bankruptcy Rule 1007(b) provides, in pertinent part, that a debtor in a chapter 11 case, "unless the court orders otherwise, shall file schedules of assets and liabilities, a schedule of current income and expenditures, a schedule of executory contracts and unexpired leases, and a statement of financial affairs." Pursuant to Bankruptcy Rule 1007(c), the Schedules and Statements are required to be filed with a debtor's petition, unless a petition is accompanied by a list of all the debtor's creditors, in which case, the schedules and statements may be filed within 14 days after the commencement of the case. Bankruptcy Rule 1007(c) further authorizes a bankruptcy court to extend a debtor's time to file the Schedules and Statements for cause shown, upon motion.

10. Furthermore, pursuant to Local Rule 1007-1 (b), the deadline for a debtor to file its Schedules and Statements is automatically extended to the date that is thirty (30) days after the petition date, if the bankruptcy petition is accompanied by a list of all of a debtor's creditors and their addresses (the "Creditors List"), and if the total number of creditors exceeds two hundred (200). On the Petition Date, the Debtors filed a consolidated Creditors List, listing in excess of two hundred creditors. Accordingly, the Debtors' Schedules Deadline is set to expire thirty (30) days after the Petition Date.

11. Due to the complexity of the Debtors' businesses, the number of debtor entities, and the breadth of the Debtors' financial and contractual arrangements, the Debtors will be unable to complete their Schedules and Statements by the current Schedules Deadline. Given the substantial burden already imposed on the Debtors' management by the commencement of these chapter 11 cases, the limited number of employees available to collect the required information, and the competing demands upon such employees, the Debtors submit that "cause" exists to extend the Schedules Deadline by fifteen (15) days, through and including July 5, 2013.

12. Similar relief to that requested herein has been granted in other chapter 11 cases in this district. *See, e.g., In re Rotech Healthcare Inc.*, Case No. 13-10741 (PJW) (Bankr. D. Del. May 7, 2013), *In re Digital Domain Media Group, Inc.*, Case No. 12-12568 (BLS) (Bankr. D. Del. Oct. 22, 2012), *In re L.A. Dodgers LLC*, Case No. 11-12010 (KG) (Bankr. D. Del. Aug. 15, 2011); *In re Jackson Hewitt Tax Serv. Inc.*, No. 11-11587 (MFW) (Bankr. D. Del. June 30, 2011); *In re Ambassadors Int'l, Inc.*, Case No. 11-11002 (KG) (Bankr. D. Del. Apr. 26, 2011); *In re Summit Bus. Media Holding Co.*, No. 11-10231 (PJW) (Bankr. D. Del. Feb. 28, 2011).

13. At this time, the Debtors estimate that an extension of the Schedules Deadline to forty-five (45) days after the Petition Date will provide sufficient time for the Debtors to prepare and file the Schedules and Statements. The Debtors hereby request such extension without prejudice to the Debtors' right to seek any further extension(s) from this Court.

## **NOTICE**

14. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' prepetition and postpetition lenders; (c) the creditors listed in the consolidated list of creditors holding 35 largest unsecured claims; and (d) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

15. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as is just and proper.

Dated: May 22, 2013

PACHULSKI STANG ZIEHL & JONES LLP

/s/ _____
Richard M. Pachulski (CA Bar No. 90073))
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Maria A. Bove (NY Bar No. 8687)
John W. Lucas (NY Bar No. 4288379)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: 302/652-4100
Facsimile: 302/652-4400
E-mail:	rpachulski@pszyjw.com
	dgrassgreen@pszjlaw.com
	bgrohsgal@pszjlaw.com
	jlucas@pszjlaw.com
	mbove@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession