IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIGHWAY TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 13-11326 (KJC)<br>(Joint Administration Requested)<br><br>**Related Docket No. 8** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY WAGES, SALARIES, AND CERTAIN OTHER COMPENSATION, WITHHOLDINGS, AND BENEFITS CONTRIBUTIONS; (B) PAY RELATED ADMINISTRATIVE OBLIGATIONS; AND (C) PAY REIMBURSABLE EMPLOYEE EXPENSES; AND (II) AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS MADE BY THE DEBTORS <u>RELATING TO THE FOREGOING</u>**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (i) authorizing, but not requiring, the Debtors to all the relief requested in the Motion, including to pay prepetition (a) wages, salaries, and other compensation, withholdings and benefits contributions, (b) related administrative obligations, and (c) reimbursable employee expenses; and (ii) authorizing and directing banks and other financial institutions to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing; and the Court having found that jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334 as is venue pursuant to 28 U.S.C. §§ 1408 and 1409; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the relief requested

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HT Acquisition, Inc. (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

is proper under 11 U.S.C. §§ 105(a), 507(a)(4) and (5), and 541(d); the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; such relief is necessary to avoid immediate and irreparable harm meaning that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore

IT IS HEREBY

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 507(a), 363(b) and 105(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, to pay and/or honor the Prepetition Employee Obligations, all costs and/or expenses related thereto as set forth in the Motion, in accordance with the Debtors' policies in the ordinary course of business and as provided in the Motion, subject to the following caps:

| | |
|---|---|
| Unpaid Wages to Retained Employees and Terminated to the extent less than $12,475 per individual | $890,000 |
| Employer Tax Obligations | $385,000 |
| Benefits Withholdings (vision care and union dues) | $4,000 |
| CIGNA Insurance Payment (consisting both employer contribution and withholdings) | $45,000 |
| Payroll Administrative Fees (to ADP as Payroll Administrator) | $ 1,000 |

2

| Benefits Administrative Fees | $28,000 |
| Union Health and Welfare Contributions | $16,000 |
| Expense Reimbursement Obligations | $25,000 |

and it is further

ORDERED that the Debtors and any other third parties administering withholding obligations on behalf of the Debtors, are authorized, but not directed, to make payments to applicable third parties with respect to the Employer Tax Obligations and the Benefits Withholdings, as set forth in the Motion, and the costs associated therewith, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion; and it is further

ORDERED that in accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor all fund transfer requests made by the Debtors related hereto, to the extent that sufficient funds are on deposit in such accounts; and it is further

ORDERED that the Debtors are authorized to pay all processing and administrative fees associated with the Prepetition Employee Obligations, as set forth in the Motion; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as directing or requiring the Debtors to pay any such amounts, or impairing the Debtors' rights to contest the validity or amount of any Prepetition Employee Obligations and/or benefits under any employee programs; and it is further

3

ORDERED that nothing in the Motion shall be deemed a request by the Debtors for authority to assume, and nothing in this Order shall be deemed authorization to assume, any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or create an administrative obligation for any prepetition wages or benefits or other amounts or obligations set forth in the Motion; and it is further

ORDERED that the requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order; and it is further

ORDERED that notwithstanding the possible applicability of Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable; and it is further

ORDERED that the Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and Rule 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: __May 23__, 2013

_____
Judge Kevin J. Carey
United States Bankruptcy Judge