IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIGHWAY TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 13-11326 (KJC)<br><br>(Joint Administration Requested)<br><br>**Related Docket No. 10** |

### INTERIM ORDER APPROVING PROCEDURES FOR THE SALE, TRANSFER, AND ABANDONMENT OF DE MINIMIS ASSETS

Upon the *Motion for the Entry of an Order Approving Procedures for the Sale, Transfer, and Abandonment of De Minimis Assets* (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"); and it appearing that the relief requested is in the best interests of Debtors' estates and creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor:

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

[2] Capitalized terms used but not otherwise herein shall have the meaning set for in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to sell or transfer the De Minimis Assets, from active job sites only, in accordance with the following procedures (the "De Minimis Asset Sale Procedures"):

   a. With regard to sales or transfers of the De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price equal to or less than $200,000 De Minimis Cap:

      i. The Debtors are authorized to consummate such transaction(s), after entry of an order approving such sales or transfers under certification of counsel, if the Debtors determine in the reasonable exercise of their business judgment that such sales or transfers are in the best interest of the estates, subject to the procedures set forth herein;

      ii. Any such transaction(s) shall be free and clear of all Liens, with such Liens attaching only to the sale or transfer proceeds with the same validity, extent and priority as had attached to the De Minimis Assets immediately prior to such sale or transfer;

      iii. The Debtors shall give written notice of each proposed sale or transfer (a "Sale Notice") to (a) counsel to the DIP Lenders, Hahn & Hessen, 488 Madison Avenue, New York, New York 10022, Attn: Rosanne T. Matzat; (b) counsel to the prepetition lenders, Schulte Roth & Zabel, 919 Third Avenue New York, NY 10022, Attn: David M. Hillman, (c) any party having a Lien in the assets being sold, (d) the holders of the top thirty-five (35) unsecured claims, unless and until an official committee of unsecured creditors is appointed, in which case to such committee's counsel, (e) the Office of the United States Trustee, 844 King Street, Suite 2207 Lockbox 35, Wilmington DE 19801, (f) those parties requesting notice pursuant to Bankruptcy Rule 2002, (g) the governmental authority that has contracted for the work at that job site; and (h) the Debtors' sureties for the Debtors' work at that job site (collectively, the "Notice Parties");

      iv. The content of the Sale Notice shall consist of (a) identification of the De Minimis Assets being sold or transferred, (b) identification of the purchaser of the assets, (c) the purchase price, and (d) the significant terms of the sale or transfer agreement (if any);

DOCS_SF:83204.4     2

  v.  If no written objection from any of the Notice Parties is received by the Debtors within five (5) calendar days after the date of the service of such Sale Notice, then the Debtors are authorized to immediately consummate such sale or transfer after entry of an order approving such sale under certification of counsel;

  vi.  If any of the Notice Parties submits a written objection to any such sale or transfer to the Debtors within five (5) calendar days after the date of service of such Sale Notice, then the relevant De Minimis Asset shall be sold or transferred only upon either the consensual resolution of the objection by the parties in question or further order of the Court. If no resolution to the objection is reached, then the Debtors will schedule a hearing to consider the proposed sale of any De Minimis Assets at the next scheduled omnibus hearing; and

  vii.  The Debtors will provide a written report to the Court, the Notice Parties, and those parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), beginning with the month ending on May 31, 2013, and each month thereafter, no later than 15 days after the end of each such month, concerning any such sales made during the preceding month pursuant hereto, including the names of the purchasing parties and the types and amounts of the sales (each, a "Monthly Report").

3. Sales to "insiders," as that term is defined in section 101 of the Bankruptcy Code, are not covered by this Order; *provided, however,* the Debtors are authorized to sell the De Minimis Assets to current or former branch managers and/or supervisors and/or former branch owners.

4. No objection to the relief requested in the Motion combined with no timely objection to the sale or transfer of the De Minimis Assets in accordance with the terms of this Order shall be determined to be "consent" to such sale or transfer within the meaning of section 363(f)(2) of the Bankruptcy Code.

5. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order in accordance with the Motion, including paying those necessary fees and expenses incurred in the sale or abandonment of De Minimis

Assets (including, but not limited to, commission fees to agents, brokers, auctioneers and liquidators).

6. Nothing contained herein shall be construed as an admission of the validity of any claim or Lien against the Debtors, a waiver of the Debtors' rights to dispute any claim or Lien, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code. The Debtors' rights to contest any claim or Lien with respect to the De Minimis Assets in accordance with applicable non-bankruptcy law are hereby expressly reserved.

7. ✗ For the reasons stated in the Motion, the conditions under Bankruptcy Rules 6003 and 6004 have been satisfied and the terms and conditions of this Order shall be immediately effective and enforceable upon entry.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

9. The Debtors shall serve this Order on the applicable notice parties and the final hearing on the relief requested in the Motion shall occur on June 10, 2013 at 11:00 a.m. (Eastern). Objection shall be filed and serve on the applicable notice parties on or before June 3, 2013 at 4:00 p.m. (Eastern).

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 23, 2013

_____
Judge Kevin J. Carey
United States Bankruptcy Judge

✗ The Debtors will file on the 1st and 15th day of each month the statement required under Rule 6004(f)(1) with respect to any sales under this Order that have been consummated in the period ending on the day prior to the statement filing date.

DOCS_SF:83204.4              4