**EXHIBIT D-2**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIGHWAY TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 13-11326 (KJC)<br>(Joint Administration Requested)<br><br>Related Docket No. 7 |

### ORDER PURSUANT TO SECTIONS 105(a), 507(a)(8), AND 541(d) OF THE BANKRUPTCY CODE (I) AUTHORIZING THE PAYMENT OF PREPETITION SALES, USE, FRANCHISE AND OTHER SIMILAR TAXES AND FEES AND (II) AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS MADE RELATING TO THE FOREGOING

Upon the *Motion Pursuant to Sections 105(a), 507(a)(8), and 541(d) of the Bankruptcy Code (I) Authorizing the Payment of Prepetition Sales, Use, Franchise and Other Similar Taxes and Fees and (II) Authorizing Banks and Other Financial Institutions to Receive, Process, Honor, and Pay Checks Issued and Electronic Payment Requests Made Relating to the Foregoing* (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases, (collectively, the "Debtors"); and upon the *Declaration of Robert Hookstra in Support of First Day Motions*; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

DOCS_DE:187514.6 36024/001

46
5-23-13

Motion is necessary to the ongoing orderly operation of the Debtors' businesses and is in the best interests of the Debtors, their estates, and their creditors; and it appearing that the notice of the Motion having been given as set forth herein was appropriate and that no other or further notice need by given; and the "first day" hearing on the Motion having been held before the Court; and objections, if any, to the Motion having been overruled, withdrawn, or otherwise resolved at the hearing; and after due deliberation and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to pay the Prepetition Tax Obligations due and owing, including, without limitation, through the issuance of postpetition checks or wire transfer requests, as the Debtors, in their sole discretion, deem necessary, in an amount not to exceed $220,000, *provided however*, that such payments shall be made in accordance with and subject to the provisions of any postpetition financing order and related budget.

3. The Debtors are further authorized in their discretion to pay the Prepetition Tax Obligations without regard to the Prepetition Tax Obligations Cap that are currently under review or that may be subject to review in the future, but for which no formal assessment has been made, subject in all respects to the Debtors' rights to contest any such amounts. The Debtors are authorized in their discretion to negotiate, compromise and pay any Prepetition Tax Obligations subsequently determined to be owed for prepetition periods,

*provided however*, that such payments shall be made in accordance with and subject to the provisions of any postpetition financing order and related budget.

4. All applicable banks and other financial institutions are authorized to receive, process, honor, and pay any and all prepetition checks or by automated clearinghouse payment issued by the Debtors for the payment of prepetition obligations approved herein, whether prior to or after commencement of these chapter 11 cases.

5. The Debtors are authorized (consistent with this Order) to issue postpetition checks or to effect postpetition automated clearinghouse requests in replacement of any checks or automated clearinghouse requests relating to taxes that were dishonored or rejected.

6. Nothing herein shall impair any right of the Debtors to dispute or object to any taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the Prepetition Tax Obligations as to amount, liability, classification, or otherwise.

7. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

8. Notwithstanding the possible applicability of Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and Rule

9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice.

10. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: May 23, 2013
Wilmington, Delaware

Judge Kevin J. Carey
United States Bankruptcy Judge