## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHWAY TECHNOLOGIES INC, *et al.,* | Case No. 13-11326 (KJC) (Jointly Administered) |
| Debtors. [1] | **Hearing Date: TBD**<br>**Objection Deadline: TBD** |

## MOTION TO LIFT THE AUTOMATIC STAY
## OF ARGONAUT INSURANCE COMPANY

Creditor Argonaut Insurance Company ("Argonaut") files this Motion to Lift the Automatic Stay and in support thereof states as follows:

### SUMMARY

The automatic stay should be lifted for cause under § 362(d)(1) of the Bankruptcy Code because critical life safety issues exist as a result of the Debtors' cessation of operations. Specifically, with no employees and no ability to proceed on the projects, the Debtors are not involved with maintaining or securing the projects or otherwise addressing life safety issues vital to the public welfare. Argonaut has already been contacted by bonded project obligees to address life safety issues impacting the traveling public and facilitate completion of the projects, but cannot proceed without relief from the stay.

Further, the automatic stay should be lifted under § 362(d)(2) of the Bankruptcy Code because the Debtors (1) are not engaged in a reorganization; and (2) have no equity in the bonded projects and bonded contract funds because the Supreme Court confirmed in *Pearlman v.*

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

*Reliance Ins. Co.*[2] that they are not part of the bankruptcy estate under § 541 due to the Debtors' default and failure to complete the projects.

## JURISDICTION & VENUE

1.      This Court has jurisdiction over this Motion pursuant to U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## EVIDENCE

2.      This Motion is supported by the Affidavit of Jaime S. Perkins, Esq. and accompanying exhibits, which is attached hereto as Exhibit "A."

3.      Argonaut joins in and incorporates by reference herein as if fully set forth the motions to lift stay filed by the other sureties and evidence relied upon in support of said motions.

## BACKGROUND

4.      On May 22, 2013 (the "Petition Date"), Highway Technologies, Inc. ("HT") and HTS Acquisition, Inc. (collectively, the "Debtors") filed a petition for relief under Chapter 11 of Tile 11 of the United States Code, 11 U.S.C. §§ 110-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.[3]

5.      HT was engaged in the business of traffic safety contracting and, prior to ceasing business operations on or about May 17, 2013, provided temporary and permanent roadway traffic management and safety services, including pavement marking installations, highway guardrails, barrier walls and signage, and traffic control services.[4]

---

[2] 371 U.S. 132, 141-42 (1962).
[3] [Dkt. 1]
[4] *See* [Dkt. 3] at ¶ 7.

6.     Argonaut issued approximately thirty performance and payment bonds (collectively, the "Bonds") on behalf of HT in connection with construction projects in eight states: Texas, Florida, Montana, Minnesota, Colorado, Missouri, Wisconsin, and Louisiana (the "Bonded Projects") with a collective penal sum of approximately $10 million.[5]

7.     Argonaut issued the Bonds in consideration of the Debtors and HTS Holding, Inc. ("HTSH")'s execution and delivery to Argonaut of that certain *General Indemnity Agreement* ("Indemnity Agreement") on or about June 18, 2009, pursuant to which the Debtors agreed to, amongst other things, indemnify Argonaut from any losses suffered in connection with the Bonds.[6]

8.     Shortly before the Petition Date, the Debtors ceased business operations, including performance on the Bonded Projects, and terminated 740 of their 825 employees.[7] Following these decisions by the Debtors, the Bonded Projects became unmanned and HT defaulted on its obligations under the bonded contracts (the "Bonded Contracts"), resulting in claims being asserted against the Bonds.[8]

9.     Argonaut has also learned from the obligees that certain materials for use on the Bonded Projects, including fabricated or specially fabricated items, have been partially or fully paid for by the obligees.[9] Argonaut requires the assistance of the Debtors in identifying and locating these items for use on the Bonded Projects.[10]

10.     Due to HT's prepetition default on the Bonded Projects and cessation of business operations, Argonaut faces significant exposure under the Bonds.[11] One of HT's responsibilities

---

[5] Ex. A at ¶ 3.
[6] Ex. A at ¶ 4.
[7] Ex. A at ¶ 5; *see* [Dkt. 3] at ¶¶ 8, 12.
[8] Ex. A at ¶ 5.
[9] Ex. A at ¶ 6.
[10] Ex. A at ¶ 6.
[11] Ex. A at ¶ 7.

<u>ARGONAUT'S MOTION TO LIFT THE AUTOMATIC STAY</u>                                3

on the Bonded Projects included implementation of traffic control or other life safety measures that are of critical importance.[12] HT is unable to fulfill these responsibilities due to its lack of presence on the projects.[13]

11.     These life safety issues underscore the need for immediate relief from the stay to allow Argonaut to immediately enter into agreements with the obligees and/or undertake other efforts to facilitate completion of the Bonded Projects and administer the Bonded Contracts.[14] Not only will unnecessary delays impact the traveling public, but such delays will also impact the ability of other trades to perform their work in a timely manner and may also subject Argonaut to liquidated and other delay damages.[15]

## ARGUMENTS & AUTHORITIES

12.     Argonaut requests immediate relief from the automatic stay to allow it to facilitate completion of the Bonded Projects to minimize the potentially significant impacts on life safety and the public welfare. Argonaut is entitled to relief from the automatic stay because "cause" exists pursuant to 11 U.S.C. § 362(d)(1) given the critical need to obtain a presence on the Bonded Projects and protect the traveling public. Argonaut is also entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because (1) the Debtors are not reorganizing; and (2) the Debtors have no equity in the executory Bonded Contracts because they are not property of the Estate as a result of the Debtors' nonperformance.

*A.     Cause Exists to Lift the Automatic Stay Due to the Need to Protect the Traveling Public*

13.     The Bankruptcy Code provides that "the court shall grant relief from the stay . . . by terminating, annulling, modifying, or conditioning such stay . . . for cause." 11 U.S.C. §

----

[12] Ex. A at ¶ 7.
[13] Ex. A at ¶ 7.
[14] Ex. A at ¶ 8.
[15] Ex. A at ¶ 8.

362(d)(1). The term "cause" is not actually defined by the Bankruptcy Code; therefore, "courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (D. Del. 2007). Here, cause exists for relief from the stay because the traveling public must be safeguarded from the perils of unmanned construction projects.

14.     The nature of HT's business, traffic safety contracting, is such that even one fallen or misplaced barricade or one improperly updated sign can have a devastating impact on life safety. Recognizing the "flexible concept" of cause, health and safety concerns have been found to be a proper basis for modification of the automatic stay. *See In re Hallwood Energy, LP*, 09-31253-11, 2009 WL 1917418 at *6 (Bankr. N.D. Tex. Jul. 1, 2009).

15.     Moreover, as the Debtors have ceased business operations and sent their employees home, this is not a situation where the Debtors are able to immediately address any safety issues. To the contrary, the Debtors have ceased performance on the Bonded Projects and completion will be left to Argonaut under its performance bonds. Argonaut thus seeks to minimize any delay in this transition period and mitigate the potential for liquidated damages or other delay damages by lifting the stay to allow completion of the Bonded Projects.

**B.     *The Automatic Stay Should be Lifted Because the Debtors are not Reorganizing and Have No Equity in the Bonded Contracts***

16.     In addition to modification of the stay for cause, relief is also appropriate if "the debtor does not have equity in such property; and such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). "Courts usually require that the debtor do more than manifest unsubstantiated hopes for a successful reorganization." *In re Midwest Properties of Shawano, LLC*, 442 B.R. 278, 285 (D. Del. 2010).

i.    *The Bonded Contracts are Not Property of the Estate Due to the Debtors'
Nonperformance*

17.    The long-established equitable doctrine of subrogation "applies to sureties who
have paid a debt due to a third party for which another was primarily liable." *Pearlman v.
Reliance Ins. Co.*, 371 U.S. 132, 141-42 (1962); *Henningsen v. U.S. Fidelity & Guar. Co.*, 208
U.S. 404, 411 (1908). Where the surety completes the contractor's obligations under the
contractor's contract with the project owner, or fulfills the contractor's obligations to pay
subcontractors or suppliers, the surety becomes subrogated to the rights of the party on whose
behalf it has performed. *Travelers Casualty & Surety Co. of Am. v. Colonial School Dist.*, No.
18167, 2001 WL 287482 at *4-5 (Del. Ch. Mar. 16, 2001); *In re Modular Structures, Inc.*, 27
F.3d 72, 77-78 (3rd Cir. 1994); RESTATEMENT 3D OF SURETYSHIP & GUARANTEE § 27 (1996).
Because of subrogation bonded contract funds do not become part of the bankruptcy estate.
*Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 136-37 (1962); *see also Am. States Ins. Co. v.
United States*, 324 B.R. 600, 604-07 (N.D. Tex. 2005) (*"Pearlman* thus holds that a surety's
equitable subrogation rights can prevent retainage from becoming part of the bankruptcy estate .
. . Because the [disputed funds] never enter [the bankruptcy] estate, the IRS's priority is
immaterial.").

ii.    *The Bonded Contracts are Unnecessary to an Effective Reorganization Because
the Debtors Intend to Liquidate*

18.    The Debtors are engaged in an organized liquidation of their assets, not a
reorganization of their business operations. As a result, the Bonded  Contracts are not necessary
to an effective reorganization, and relief from the stay is warranted. 11 U.S.C. § 362(d)(2).

*iii.*     *The Debtors have No Equity in the Bonded Contracts*

19.     The Debtors have no equity in the Bonded Contracts because (1) HT defaulted on the Bonded Contracts prepetition; (2) Argonaut was called upon to honor its performance bond obligations; and (3) accordingly, under these circumstances, the Bonded Contracts are not part of the Debtors' Estate. *See Pearlman*, 371 U.S. at 141-42. On these bases, Argonaut seeks relief from the stay to facilitate completion of the Bonded Projects and administer the Bonded Contracts.

## REQUEST FOR RELIEF

For the foregoing reasons, Argonaut Insurance Company respectfully requests that the Court enter an order granting Argonaut relief from the automatic stay so that the Bonded Projects can be completed and administered (whether by Argonaut, the obligees, or third parties) and for any such other and further relief to which it may be justly entitled.

Respectfully Submitted,

Dated: May 29, 2013                     WHITEFORD TAYLOR & PRESTON LLC

/s/ Thomas J. Francella, Jr.
Thomas J. Francella, Jr. (DE #3835)
The Renaissance Centre
405 North King Street, Suite 500
Wilmington, DE  19801
Telephone:  (302) 357-3252
Facsimile:  (302) 357-3272
Email:  tfrancella@wtplaw.com

-And-

LANGLEY WEINSTEIN LLP
Keith A. Langley (pro hac vice)
Texas Bar No. 11919500)
Gina D. Shearer (pro hac vice)
Texas Bar No. 24068622
901 Main Street, Suite 600
Dallas, TX 75202
Telephone:    (214) 722-7161
Facsimile:    (214) 722-7160
Email:  klangley@lwllp.com
        gshearer@lwllp.com

ATTORNEYS FOR ARGONAUT INSURANCE
COMPANY