IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIGHWAY TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 13-11326 (KJC)<br><br>(Jointly Administered) |

**Objection Deadline: June 20, 2013 at 4:00 p.m. (prevailing Eastern time)**
**Hearing: June 27, 2013 at 3:00 p.m. (prevailing Eastern time)**

**MOTION PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE
BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTORS TO
RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED
BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit C**, authorizing the Debtors to employ and compensate certain professionals utilized in the ordinary course of the Debtors' businesses.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]  The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831).  The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

2.       The statutory bases for the relief sought herein are sections 105(a), 327, 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3.       On May 22, 2013 (the "Petition Date"), the Debtors commenced these cases (the "Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.       The Debtors are continuing in possession of their property and are managing their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.       No trustee or examiner has been appointed in any of the Cases.  On May 30, 2013, the Office of the United States Trustee (the "U.S. Trustee") appointed a committee of unsecured creditors and appointed seven members thereto (the "Committee").

6.       With over 30 years of experience, prior to the Petition Date, Highway Technologies was one of the largest traffic safety companies in the United States and a national leader in providing temporary and permanent roadway traffic management and safety services, including pavement marking installations, permanent installations of highway guardrails, barrier walls and signage, and traffic control services for special events.  The Debtors provided such special event services for the Democratic & Republican National Conventions, the Super Bowl, the Lollapalooza Music Festival and Ironman competitions.  In addition, the Debtors offered a complete line of rental products including traffic control devices, trucks, signage and related equipment.  Prior to the Petition Date, the Debtors operated from 32 locations in 13 states

2

(Arizona, California, Colorado, Florida, Illinois, Louisiana, Minnesota, Missouri, Montana, Nevada, New Jersey, Oregon and Texas).

7.      Just prior to the Petition Date, the Debtors ceased operations, terminated approximately 740 employees, and began the process of securing their assets for sale. The Debtors intend to offer their inventory and assets for sale piecemeal through private sales and auctions, and also branch by branch on a turnkey basis.

## ORDINARY COURSE PROFESSIONALS

8.      The Debtors customarily retain the services of various attorneys, accountants, consultants, and other professionals to represent them in matters arising in the ordinary course of their businesses, unrelated to these Cases (each an "Ordinary Course Professional" and collectively, the "Ordinary Course Professionals").  A list of the Ordinary Course Professionals utilized or expected to be utilized by the Debtors during the pendency of these Cases is attached hereto as **Exhibit A**.[2]

9.      In contrast, the Debtors have filed, or will file, individual retention applications for any professionals that the Debtors seek to employ in connection with the administration of these Cases (the "Chapter 11 Professionals").  The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with procedures to be approved by this Court, and with the terms of the orders approving each Chapter 11 Professional's employment.

---

[2] As discussed more fully below, the Debtors reserve the right to amend such list in the future in their sole discretion, pursuant to the procedures set forth herein.

DOCS_NY:29702.1 36024-001

10.     The Debtors anticipate employing, among others, certain of the Ordinary Course Professionals listed on **Exhibit A** to perform ongoing services during the pendency of these Cases.  The Ordinary Course Professionals will not be involved in the administration of these Cases.  Rather, they will provide services in connection with the Debtors' operations or services ordinarily provided by in-house counsel to a corporation.  As a result, the Debtors do not believe that the Ordinary Course Professionals are "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by this Court.  *See, e.g.*, *In re That's Entertainment Mkt'g Group, Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code); *In re Madison Mgmt. Group, Inc.*, 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).  Nevertheless, out of an abundance of caution, the Debtors seek an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of these Cases.

### RELIEF REQUESTED

11.     By the Motion, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, the Debtors seek entry of an order by this Court authorizing them to (a) retain and employ the Ordinary Course Professionals on an "as needed" basis without the submission of separate, formal retention applications for each Ordinary Course Professional, and

4

(b) establish procedures to compensate the Ordinary Course Professionals under sections 328,

330, and 331 of the Bankruptcy Code for postpetition services rendered and expenses incurred.

## BASIS FOR RELIEF

12.     The Debtors cannot continue to operate their businesses as debtors in

possession unless they retain and pay for the services of the Ordinary Course Professionals listed

on **Exhibit A**. The work of the Ordinary Course Professionals, albeit ordinary course, is directly

related to the preservation of the value of the Debtors' estates, even though the amount of fees

and expenses incurred by the Ordinary Course Professionals represents only a small fraction of

that value.

13.     The operation of the Debtors' businesses would be hindered if the

Ordinary Course Professionals were delayed in performing their work on behalf of the Debtors

while the Debtors (i) submitted to this Court an application, affidavit, and proposed retention

order for each Ordinary Course Professional, (ii) waited until such order was approved before

such Ordinary Course Professional continued to render services and (iii) withheld payment of the

normal fees and expenses of the Ordinary Course Professionals until they complied with the

compensation procedures applicable to Chapter 11 Professionals.

14.     Further, a number of Ordinary Course Professionals may be unfamiliar

with the fee application procedures employed in bankruptcy cases. Some Ordinary Course

Professionals might be unwilling or unable to assume the administrative and cost burden of such

procedures, and may therefore be unwilling to work with the Debtors if these requirements are

imposed, forcing the Debtors to incur additional and unnecessary expenses to retain other

5

professionals without such background and expertise, and at potentially higher rates. The uninterrupted services of the Ordinary Course Professionals are vital to the Debtors' remaining operations and their ultimate ability to pursue an orderly liquidation of their assets. More importantly, the cost of preparing and prosecuting these retention applications and fee applications would be significant, and such costs would be borne by the Debtors' estates.

15.    Moreover, a requirement that the Ordinary Course Professionals each file retention pleadings and follow the usual fee application process required of the Chapter 11 Professionals would unnecessarily burden the Clerk's office, this Court, and the U.S. Trustee's office with unnecessary fee applications while significantly adding to the administrative costs of these Cases without any corresponding benefit to the Debtors' estates. This Motion proposes a procedure to alleviate such a burden.

16.    Although certain Ordinary Course Professionals may hold unsecured claims against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their estates, their creditors, or other parties in interest, and thus none would be retained who do not meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy Code. By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

## PROPOSED RETENTION PROCEDURE

17.    The Debtors propose that they be permitted to continue to employ and retain the Ordinary Course Professionals. Pursuant to the requirement imposed by Rule 2014 of

DOCS_NY:29702.1 36024-001

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and in order to provide the interested parties and this Court with appropriate comfort and assurances, each Ordinary Course Professional will be required to file with this Court, and to serve upon (a) counsel to the Debtors, (i) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Bruce Grohsgal, (ii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: Debra I. Grassgreen and John W. Lucas and (iii) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, New York, NY 10017, Attn: Maria A. Bove; (b) counsel to the Prepetition Agent, (i) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: David Hillman and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis; (c) counsel to the DIP Lenders and DIP Agent, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attn: Rosanne T. Matzat; (d) the U. S. Trustee, 844 King Street, Suite 2207 Lockbox 35, Wilmington, DE 19801, Attn: Jane M. Leamy; and (e) counsel the Committee, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Mark D. Collins and Russell C. Silberglied (collectively, the "Notice Parties"), a disclosure affidavit of such proposed professional (the "Affidavit") in the form attached hereto as **Exhibit B** on the later of: (i) thirty (30) days after entry of an order of this Court granting the Motion; or (ii) prior to the date such Ordinary Course Professional is compensated for services to the Debtors.  Such Affidavit shall set forth the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by the

7

Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all

information otherwise required to be disclosed pursuant to Bankruptcy Rule 2014; and (e) to the

extent that the Ordinary Course Professional was not providing services as of the Petition Date,

the date on which such services began postpetition.  The Debtors will not make any payments to

any Ordinary Course Professionals who have failed to file such an Affidavit.

       18.     The Debtors further request that the Notice Parties have ten (10) days from

the date of the filing and service of the Affidavit (the "Objection Period") to object to the

retention of the Ordinary Course Professional in question.  Any such objection must be timely

filed with this Court and served upon the Ordinary Course Professional, the Debtors, and the

Notice Parties.  If an objection is filed and cannot be resolved and/or withdrawn within twenty

(20) days after service of such objection, this Court shall adjudicate the matter at a hearing

scheduled by the Debtors at a mutually convenient time.[3]  If no timely objection is filed and

received, or if an objection is withdrawn, the Debtors will be authorized to retain the Ordinary

Course Professional on a final basis without further order of this Court.

       19.     The Debtors request that they be authorized to employ and retain

additional Ordinary Course Professionals not currently listed on **Exhibit A** hereto, from time to

time as necessary, without the need to file individual retention applications or have a further

hearing, by filing with this Court one or more supplements to **Exhibit A** (a "Supplemental

Notice") and serving a copy of the Supplemental Notice upon the Notice Parties.  The Debtors

---

[3]  If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

propose that, as with the Ordinary Course Professionals set forth on **Exhibit A**, each additional

Ordinary Course Professional be required to file and serve upon the Court and the Notice Parties

an Affidavit on the later of:  (a) thirty (30) days after the Supplemental Notice is filed; or

(b) prior to the date such Ordinary Course Professional provides any services to the Debtors.

The Notice Parties then would be given ten (10) days after service of each required Affidavit to

object to the retention of such professional.  Any objection will be handled pursuant to the

procedures discussed above.  If no objection is submitted, or the objection is withdrawn, the

Debtors will be authorized to retain the professional as an Ordinary Course Professional on a

final basis without further order of this Court.

<h2 style="text-align:center">PROPOSED PAYMENT PROCEDURE</h2>

20.    The Debtors seek authority to pay, without formal application to and order

from this Court, one hundred percent (100%) of the fees and expenses of each Ordinary Course

Professional upon submission to, and approval by, the Debtors of an appropriate billing

statement setting forth in reasonable detail the nature of the postpetition services rendered and

expenses actually incurred; *provided, however*, that such interim fees and expenses do not

exceed the maximum authority under the authorized caps established herein.[4]  Further, the

Debtors will not pay any fees or expenses to an Ordinary Course Professional unless (i) the

professional has filed its Affidavit, (ii) the Objection Period has expired, (iii) no timely objection

is pending, or if a timely objection is received, no payment will be made until such objection is

---

[4] As provided for below and in the proposed order attached hereto as **Exhibit C**, each Ordinary Course Professional's compensation shall be subject to, and in accordance with, the budgets approved by the Prepetition Lenders and DIP Lenders in their sole and absolute discretion.

(i) resolved and withdrawn or (ii) otherwise approved by the Court and (iv) the payments are in accordance with the "Approved Budget" as defined in the *Interim Order (I) Authorizing Debtors to Obtain Postpetition Secured Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Adequate Protection, (IV) Scheduling Final Hearing, and (V) Granting Certain Related Relief* (as such Approved Budget may be updated from time to time with the consent of the Prepetition Lenders and DIP Lenders in their sole and absolute discretion) (the "Approved Budget").

## A.    Monthly Payment Caps Proposed by the Debtors

21.    The Debtors propose that (i) they be permitted to pay, without formal application to this Court by any one Ordinary Course Professional, fees and expenses not exceeding a total of $120,000 for any one calendar month to any Ordinary Course Professional, unless otherwise authorized by this Court and (ii) the aggregate monthly payments to Ordinary Course Professionals be limited to $165,000 unless otherwise authorized by this Court; provided, however, that the foregoing amounts are in accordance with the Approved Budget.

22.    If, in any given month, the fees and expenses for any one Ordinary Course Professional exceeds $120,000 or the amount set forth in the Approved Budget, such Ordinary Course Professional shall be required to apply for approval by the Court of all such Ordinary Course Professional's fees and expenses for such month under sections 330 and 331 of the Bankruptcy Code; *provided, however*, that such Ordinary Course Professional shall be entitled to an interim payment of up to the amount of the Ordinary Course Professional's compensation as

10

set forth in the Approved Budget as a credit against the invoices for such month ultimately

allowed by the Court.

23.    The Debtors propose to except from such monthly limitations any

contingent fee amounts received by Ordinary Course Professionals from recoveries realized on

the Debtors' behalf.  In other words, the limitations would apply only to direct disbursements by

the Debtors.

24.    As a routine matter prior to the commencement of these cases, the Debtors

carefully reviewed all billing statements received from the Ordinary Course Professionals to

ensure that the fees charged were reasonable and that the expenses incurred were necessary.

This type of review will continue postpetition and, coupled with the proposed monthly payment

caps, will protect the Debtors' estates against excessive and improper billings.

**B.    Periodic Statements of Payments Made**

25.    The Debtors further propose to file a payment summary statement with

this Court not more than thirty (30) days after the last day of March, June, September and

December of each year these Cases are pending, or such other period as this Court directs, and to

serve such statement upon the Notice Parties.  The summary statement will include the following

information for each Ordinary Course Professional:  (a) the name of the Ordinary Course

Professional; (b) the aggregate amounts paid as compensation for services rendered and

reimbursement of expenses incurred by such Ordinary Course Professional during the statement

period; and (c) a brief statement of the type of services rendered.

11

## AUTHORITY FOR THE REQUESTED RELIEF

26.     Numerous courts, including courts in this district, have routinely granted

the same or similar relief to chapter 11 debtors in other chapter 11 cases.  *See, e.g., In re Latham*

*International, Inc.*, Case No 09-14490 (CSS) (Bankr. D. Del. Jan. 21, 2010); *In re Progressive*

*Molded Products, Inc.*, Case No 08-11253 (KJC) (Bankr. D. Del. June 20, 2008); *In re Sharper*

*Image Corp.*, Case No. 08-10322 (KG) (Bankr. D. Del. Feb. 19, 2008); *In re Charys Holding Co.*

*Inc.*, Case No. 08-10289 (BLS) (Bankr. D. Del. Feb. 14, 2008); *In re Pope & Talbot, Inc.*, Case

No. 07-11738 (Bankr. D. Del. Nov. 19, 2007) (CSS); *In re Remy Worldwide Holdings, Inc.*, Case

No. 07-11481 (Bankr. D. Del. October 8, 2007) (KJC); *In re Mortgage Lenders Network USA,*

*Inc.*, Case No. 07-10146 (Bankr. D. Del. February 5, 2007); *In re Global Home Products LLC, et*

*al.*, Case No. 06-10340 (Bankr. D. Del. April 10, 2006); *In re Pliant Corp.*, Case No. 06-10001

(Bankr. D. Del. Jan. 4, 2006); *In re Nobex Corp.*, Case No. 05-20050 (Bankr. D. Del. Dec. 22,

2005); *In re FLYi, Inc.*, Case No. 05-20011 (Bankr. D Del. Dec. 1, 2005).

27.     The Debtors and their estates will be well served by authorizing the

retention of the Ordinary Course Professionals because of such professionals' past relationship

with, and understanding of, the Debtors and their operations.  It is in the best interest of all of the

parties and the creditors to avoid any disruption in the professional services rendered by the

Ordinary Course Professionals in the day-to-day operations of the Debtors' businesses.

## NOTICE

28.     Notice of this Motion has been given to the following parties or, in lieu

thereof, to their counsel, if known: (a) the U.S. Trustee; (b) counsel for the Debtors' prepetition

and postpetition lenders; (c) counsel for the Committee; and (d) those persons who have

requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the

nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

29.    No prior request for the relief sought in this Motion has been made to this

Court or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order,

substantially in the form attached hereto as **Exhibit C**, granting the relief requested herein and

such other and further relief as this Court deems appropriate.

Dated:    June 6, 2013                    PACHULSKI STANG ZIEHL & JONES LLP

_/s/ Peter J. Keane_
Richard M. Pachulski (CA Bar No. 90073))
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Maria A. Bove (NY Bar No. 8687)
John W. Lucas (NY Bar No. 4288379)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:     rpachulski@pszyjw.com
            dgrassgreen@pszjlaw.com
            bgrohsgal@pszjlaw.com
            mbove@pszjlaw.com
            jlucas@pszjlaw.com
            pkeane@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in
Possession

13