IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIGHWAY TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 13-11326 (KJC)<br><br>(Jointly Administered)<br><br>Related Docket Nos. 74, 80, 86, 118, 139 |

**ORDER GRANTING MOTIONS OF SURETY COMPANIES
TO LIFT THE AUTOMATIC STAY**

Upon the motions (the "Stay Motions")[2] of Argonaut Insurance Company ("Argonaut"), Aspen American Insurance Company ("Aspen"), The Hanover Insurance Company ("Hanover"), and Berkley Surety Group, LLC ("Berkley" and, together with Argonaut, Aspen, and Berkley, the "Sureties") to facilitate a coordinated completion of defaulted construction projects of Highway Technologies, Inc. to minimize the potentially significant impacts on life safety and the public welfare, the Court, having considered the Stay Motions and all related pleadings, including the objections of the Debtors [Docket No. 139] (the "Objection") and the DIP Lenders and Prepetition Agent, as well as the evidence and representations of counsel on the record, finds and concludes that: (a) the Court has jurisdiction over the Stay Motions; (b) due notice of the Stay Motions and the hearing on the Stay Motions has been given to all parties entitled thereto, as evidenced by the certificates of service filed with the Stay Motions; (c) the automatic stay should be terminated as set forth herein for cause pursuant to 11

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

U.S.C. § 362(d)(1) based on immediate concerns for life safety and the public welfare; (d) the automatic stay should also be terminated as set forth herein pursuant to 11 U.S.C. § 362(d)(2) as the Debtors have no equity in Bonded Projects (defined below) or the contracts related thereto (collectively, the "Bonded Contracts") and the Bonded Projects (defined below) and Bonded Contracts are not necessary to the Debtors' effective reorganization.

Based on the foregoing, the Court hereby orders as follows:

1. The Stay Motions are granted to the extent set forth herein.

2. The automatic stay imposed under 11 U.S.C. § 362 is hereby modified, vacated, and terminated as to all of the bonded projects identified in the Stay Motions and Objection and any other outstanding bonds issued by the Sureties where the Debtor is the principal (collectively, the "Bonded Projects") to permit completion (whether by the Sureties, obligees, or third party contractors) of the Bonded Projects.

3. The automatic stay is modified to permit the Sureties to cancel and/or terminate any bonds in accordance with the terms of said bonds and any applicable law.

4. Subject to paragraphs 6 through 8 below, the Sureties are authorized to apply all Bonded Project contract balances on each Bonded Project to completion and discharge of the Debtors' bonded obligations on the corresponding Bonded Project without providing advance notice to any party.

5. Subject to paragraphs 6 through 8 below, the Sureties, and any obligees on Bonded Projects, are authorized to offset any contract balance on a Bonded Project to a contract balance on another Bonded Project for the same obligee or owner.

---

[2] Capitalized terms used, but not defined herein shall have the meanings ascribed to them in the Objection.

6. Notwithstanding the foregoing, within ~~15~~ 30 calendar days of the ~~last day~~ Period of ~~each month~~ entry of this order, and ~~each~~ within 15 days following the end of each four month period thereafter (a "Reporting ~~Month~~ Period"), each Surety, or obligee that exercises the offset rights set forth in Paragraph 5 above, shall give written notice of all contract balances received, applied, or offset during the Reporting ~~Month~~ Period (the "Bond Notice") to (a) counsel to the Debtors, (i) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Bruce Grohsgal; (ii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: Debra I. Grassgreen and John W. Lucas; and (iii) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, NY 10017, Attn: Maria A. Bove and Jason H. Rosell, (b) counsel to the DIP Lenders and DIP Agent, Hahn & Hessen, 488 Madison Avenue, New York, New York 10022, Attn: Rosanne T. Matzat; (c) counsel to the Prepetition Agent, (i) Schulte Roth & Zabel, 919 Third Avenue New York, NY 10022, Attn: David M. Hillman and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis; and (d) counsel to the Committee, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Mark D. Collins and Russell C. Silberglied (collectively, the "Notice Parties").

7. To the extent applicable, the content of the Bond Notice shall consist of (a) the date of each receipt of a contract balance, (b) the amount of each contract balance received, applied, or offset, and (c) identification of the Bonded Project generating the contract balance and any Bonded Project to which an offset is applied. If and when ~~a completion contractor is put in place on a Bonded Project and~~ the Bond Notice reports that ~~the completion contract will exhaust all contract balances on that project, any further reporting requirement on~~

3

that ~~project by that Surety shall cease after~~ [Bonded] the Bond Notice ~~for that project reports that~~ all contract balances for that project have been exhausted by virtue of work performed, the Reporting requirements shall cease as to that project.

8. If any of the Notice Parties submit a written objection to the Bond Notice within fourteen (14) days after the date of service of such Bond Notice, the Sureties or obligees will schedule a hearing to consider the objection, including any disgorgement of amounts paid or applied or disallowance of offset of the contract balances in dispute, at the next scheduled omnibus hearing.

9. For the avoidance of doubt, nothing in this Order shall be deemed an acknowledgment that any application, payment, or offset of a contract balance is permissible and all Notice Parties' rights to assert an objection, on any basis, to such application, payment, or offset are preserved along with the Sureties' rights to dispute the same.

10. ~~The Debtors will promptly provide information pertaining to the Bonded Projects as from time to time may be reasonably requested by the Sureties. The Sureties will only use the information received in furtherance of completion of the Bonded Projects. Likewise, the Sureties will promptly provide information pertaining to the Bonded Projects as from time to time may be reasonably requested by the Debtors.~~

11. This Court will retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 10, 2013

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

4