IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>HIGHWAY TECHNOLOGIES, INC., *et al.*,<br>Debtors.[1] | Chapter 11<br>Case No.: 13-11326 (KJC)<br>(Jointly Administered)<br>Re: Docket No. 65, 187 |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Order"), authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for professionals and official committee members, as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction to consider the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish good and just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided in an order of this Court authorizing the retention of specific Professionals, all Professionals in these Chapter 11 Cases may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

   a. On or before the twenty-fifth (25th) day of each calendar month, or as soon as practical thereafter (but in no case earlier than the fifteenth (15th) day of each calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by first class mail on: (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Bruce Grohsgal and Debra I. Grassgreen; (b) counsel to the DIP Lenders, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attn: Rosanne T. Matzat; (c) counsel to the Prepetition Agent, (i) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: David Hillman, and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Kerri K. Mumford; (d) the Office of the United States Trustee, 844 King Street, Suite 2207 Lockbox 35, Wilmington, DE 19801, Attn: Jane Leamy; and (e) counsel to any official committee of unsecured creditors appointed in these cases (collectively, the "Notice Parties"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules and applicable Local Rules.

   b. Each Notice Party shall have until 4:00 p.m. (prevailing eastern time) on the twenty first (21st) day (or the next business day if such day is not a business day) following service of the Monthly Fee Application (the "Objection Deadline") to file any objection to the requested fees and expenses in accordance with the procedures described in paragraph (c) below. Upon the expiration of the Objection Deadline, a Professional shall file a certificate of no objection ("CNO") with the Court with respect to the unopposed portion of the fees and expenses requested by its Monthly Fee Application. After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount (the "Actual Payment

Amount") which is equal to the lesser of (i) eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the applicable Monthly Fee Application (the "<u>Maximum Monthly Payment</u>") or (ii) eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection pursuant to paragraph (c) below.

c. If any Notice Party wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection ("<u>Objection</u>") with the Court on or before the Objection Deadline and (ii) serve the Objection on the subject Professional and each of the other Notice Parties so that the Objection is actually received by such parties on or before the Objection Deadline. If an Objection is received, the objecting party and the subject Professional may attempt to resolve the Objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the Objection, then the subject Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the subject Professional (the "<u>Incremental Amount</u>"), or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection.

d. Each Professional may submit its first Monthly Fee Application no earlier than July 15, 2013. This initial Monthly Fee Application will cover the period from the Petition Date through June 30, 2013. Thereafter, the Professionals may file Monthly Fee Applications in the manner described above.

e. Beginning with the period ending on August 31, 2013, and each three-month interval thereafter (the "<u>Interim Fee Period</u>") each of the Professionals shall file with the Court and serve on the Notice Parties an interim fee application ("<u>Interim Fee Application</u>") for compensation and expenses sought in the Monthly Fee Applications served during such period. The Interim Fee Application must include a narrative summary of services rendered, as well as a summary of the Monthly Fee Applications that are the subject of the Interim Fee Application and appropriate time and expense detail. Notice of the Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of fees and expenses are being sought, and describes the amount of compensation and expenses sought) shall be served on all parties that have filed requests for notice pursuant to Bankruptcy Rule 2002. Parties will have twenty (21) days after service of an Interim Fee Application to object thereto. The First Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including August 31, 2013.

f. The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every three (3) months or at such other intervals as the Court deems appropriate in these Chapter 11 Cases. If no Objections are pending and no Additional Objections are timely filed, the Court, in its discretion, may grant an Interim Fee Application without a hearing, upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% fee holdback) and expenses not previously paid.

g. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

h. Neither (i) the payment of, or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the compensation Procedures are subject to disgorgement until final allowance by this Court.

3. Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) with supporting vouchers to Committee counsel, which counsel shall collect and submit the committee member's request for reimbursement in accordance with the Compensation Procedures. Approval of the Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, Local Rules, or the practice of this Court.

4. Approval of the Compensation Procedures does not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, Local Rules, or the practice of this Court.

5. The Professionals shall be required to serve the Interim Fee Applications and the Final Fee Applications only on the Notice Parties, and all other parties that have filed a request for special notice with the Clerk of this Court pursuant to Bankruptcy Rule 2002 shall be entitled to receive only notice of hearings on the Interim Fee Applications and Final Fee Applications.

6. All notices given in accordance with the Compensation Procedures as set forth herein shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

7. The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Professionals.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice as such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: __June 11__, 2013

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge