IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIGHWAY TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 13-11326 (KJC)<br><br>(Jointly Administered)<br><br>**Related Docket No. 343, 430** |

## ORDER AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING AND ALLOWING CERTAIN CLAIMS AND CAUSES OF ACTION

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), pursuant to sections 105, 362, 363, and 502 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for entry of an order authorizing the Debtors to resolve certain (i) accounts receivable, (ii) claims, and (iii) causes of action against, or asserted by, the Debtors (collectively, the "<u>Claims</u>") by settlement, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

the best interests of the Debtors, their estates and creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDER THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to settle the Claims in accordance with the following settlement procedures (the "Settlement Procedures"):

   a. With regard to the settlement of Claims in any individual transaction or series of related transactions with a Settled Value[3] equal to or less than $75,000, except to the extent any Claim involves Rolling Stock (as defined in the DIP Order[4]):

      i. The Debtors are authorized to consummate such settlements without further order of the Court if the Debtors determine in the reasonable exercise of their business judgment that such settlement is in the best interest of their estates, subject to the procedures set forth herein; and

      ii. Any such settlement shall be free and clear of all liens, claims, interests, and encumbrances (collectively, the "Liens") with such Liens, if any, attaching only to the settlement proceeds (the "Settlement Proceeds") with the same validity, extent, and priority as had attached to the Claims immediately prior to such settlement.

   b. With regard to the settlement of Claims in any individual transaction or series of related transactions with a Settled Value greater than $75,000 or with regard to the settlement of any Claim involving Rolling Stock (as defined in the DIP Order):

      i. The Debtors are authorized to consummate such settlements if the Debtors determine in the reasonable exercise of their

---

[3] For the purposes of determining the applicable value of a Claim (the "Settled Value"), the Debtors propose that the Settled Value equals the value of the performance agreed to by the Debtors, in its discretion based on its business judgment, and the Settling Party (as defined below) to resolve such Claim.

[4] *Interim Order (I) Authorizing Debtors to Obtain Postpetition Secured Financing, (II) Authorizing Use Cash Collateral, (III) Granting Adequate Protection, (IV) Scheduling Final Hearing, and (V) Granting Certain Related Relief* [Docket No. 55] (or any order that amends or supersedes such order or any final order then in effect) (the "DIP Order").

|      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
| ---- | --- |
|      | business judgment that such settlement is in the best interest of their estates, subject to the procedures set forth herein; |
| ii.  | Any such settlement shall be free and clear of all Liens with such Liens, if any, attaching only to the Settlement Proceeds with the same validity, extent, and priority as had attached to the Claims immediately prior to such settlement; |
| iii. | The Debtors shall give written notice of each proposed settlement (a "Settlement Notice") to (a) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Jane M. Leamy; (b) counsel to the Official Committee of Unsecured Creditors: Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Mark D. Collins and Russell C. Silberglied; (c) counsel to the DIP Lenders, Hahn & Hessen, 488 Madison Avenue, New York, New York 10022, Attn: Rosanne T. Matzat; (d) counsel to the Prepetition Agent, Schulte Roth & Zabel, 919 Third Avenue New York, NY 10022, Attn: David M. Hillman and Lucy Kweskin; and (e) any party having a Lien in the Claims being settled (collectively, the "Notice Parties"); |
| iv.  | The content of the Settlement Notice shall consist of (a) identification of the Claim(s) being settled; (b) identification of the original balance, if applicable; (c) identification of any setoff amount; (d) identification of the Settled Value; and (e) any other significant terms of the settlement;[5] |
| v.   | If no written objection from any of the Notice Parties is received by the Debtors within three (3) calendar days after the date of service of such Settlement Notice, then the Debtors are authorized to immediately consummate such settlement and permit such setoff after entry of an order approving such settlement and/or setoff under certification of counsel; |
| vi.  | If any of the Notice Parties submits a written objection to any such settlement and/or setoff to the Debtors within three (3) calendar days after the date of service of such Settlement notice, then the relevant Claims shall only be settled upon either the consensual resolution of the |

---

[5] The identification of anything in the Settlement Notice may be redacted if its identification, in the Debtors' business judgment, may disclose confidential or commercially sensitive information.

      objection by the parties in question or further order of the Court. If no resolution to the objection is reached, the Debtors will then schedule a hearing to consider the proposed sale of any Claims at the next scheduled omnibus hearing; and

 vii. The Debtors will provide a written report to the Court, the Notice Parties, and those parties requesting notice pursuant to Bankruptcy Rule 2002, beginning with the month ending on August 31, 2013, and each month thereafter, no later than 15 days after the end of each such month, concerning any such settlements made during the preceding month pursuant hereto, including the names of the counterparties and the amount of each settlement.

3. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4. Notwithstanding any other term or provision contained herein, this Order (i) is without prejudice to any of the rights, claims, or defenses of the Debtors' insurers (collectively, the "Insurers") under any of the Debtors' insurance policies (the "Policies"), bonds (the "Bonds"), and/or any agreements between the Debtors and Insurers related to the Policies and/or Bonds including, but not limited to, agreements of indemnity and letters of credit (together, with the Policies and Bonds, the "Insurance Agreements") and/or applicable law; (ii) confirms that none of the terms, conditions, limitations, endorsements, and/or exclusions contained in the Insurance Agreements are modified by this Order, and that the Settlement Procedures do not apply to any coverage or other dispute between Insurers and Debtors with respect to the Insurance Agreements; and (iii) confirms that nothing in the Settlement Procedures or this Order shall be construed as an acknowledgement that the Insurance Agreements cover or otherwise apply to any Claims or that any Claims are eligible for payment under any of the Insurance Agreements.

5. All Settlement Proceeds shall constitute Cash Collateral (as defined in the DIP Order) and the Debtors' use and distribution thereof shall be subject to the DIP Order.

6. With respect to the objections of The Hanover Insurance Company [Docket No. 396], Aspen American Insurance Company [399], and Argonaut Insurance Company [Docket No. 403] (collectively, the "Sureties"), notwithstanding any other term or provision contained herein, this Order: (i) does not give the Debtors authority to settle and/or resolve claims and/or causes of action or to collect and/or set off accounts receivable, proceeds, or other monies in connection with any projects on which the respective Sureties issued payment and performance bonds; (ii) is without prejudice to the rights, claims, and/or defenses of the Sureties under their respective Bonds and indemnity agreements, the *Order Granting Motions of Surety Companies to Lift the Automatic Stay* entered on June 10, 2013 [Docket No. 184] (the "Lift Stay Order"), and/or applicable law; and (iii) does not modify the Lift Stay Order.

7. The Debtors (i) agree to forego any collection efforts for accounts receivable, proceeds, or other monies in connection with any of the projects on which the respective Sureties issued payment and performance bonds, and (ii) acknowledge and confirm that the obligees on the Sureties' respective bonded projects are directed to and shall make any and all payments to the respective Sureties arising out of the bonded projects.

8. To the extent that the Debtors are authorized by this Order to fix the allowed amount and priority of a filed claim without further order of this Court, then the allowed amount and priority of such filed claim, and the Debtor against which such filed claim is allowed, shall be as set forth in the applicable agreement between the Debtor and the Settling Party, and such agreement shall be fully binding upon the applicable Debtor's estate.

9. The automatic stay imposed under section 362 of the Bankruptcy Code is hereby modified, vacated, and terminated to the extent necessary to permit the relief granted herein, including, but not limited to, any settlement that permits a Settling Party to offset an account receivable.

10. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: July 31, 2013

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE