IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIGHWAY TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 13-11326 (KJC)<br><br>(Jointly Administered)<br><br>**Related Docket No.** ___ |

## ORDER CONVERTING CASES FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE

Upon consideration of the motion of the above-captioned debtors and debtors in possession (the "Debtors")[2] to convert the above-captioned cases from chapter 11 to chapter 7 of the Bankruptcy Code (the "Motion"); and upon the record in these cases; and notice of the Motion and the hearing thereon having been provided as set forth in the Motion; and following a hearing on the Motion, and good and sufficient cause appearing therefore; it is hereby

**FOUND AND DETERMINED THAT:**

      A.    Notice of the Motion and the hearing thereon was due and sufficient under the circumstances.

      B.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

      C.    This is a core proceeding under 11 U.S.C. § 157(b).

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 2600 South Shore Blvd., Suite 300, League City, Texas, 77573.

[2] Capitalized terms not defined herein shall have the meanings used in the Motion.

D.  The Debtors, prior to the granting of the relief pursuant to this Order, were debtors and debtors in possession in these cases pending under chapter 11 of the Bankruptcy Code.

E.  The Debtors' chapter 11 cases were not originally commenced as involuntary cases.

F.  The above-captioned cases were not previously converted to cases under chapter 11 of the Bankruptcy Code.

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  As of October 25, 2013 (the "Conversion Effective Date"), pursuant to section 1112(a) of the Bankruptcy Code, the chapter 11 cases of the Debtors are converted to cases under chapter 7 of the Bankruptcy Code.

3.  Prior to the Conversion Effective Date and the appointment of the chapter 7 trustee, and in accordance with the Final DIP Order, the Debtors shall transfer all Cash Collateral (as defined in the Final DIP Order) and A/R to the Prepetition Agent pursuant to Paragraph 23 of the Final DIP Order, except the $50,000 carveout (the "Carveout Funds") provided under Paragraph 13(a)(iv) of the Final DIP Order but any surplus Carveout Funds shall be transferred the Prepetition Agent; *provided, however*, that the Debtors may retain the funds in the Professional Fee Trust Account to pay the allowed fees of the Estate Professionals in accordance with the Final DIP Order. The Prepetition Agent will provide notice to the Debtors' estates of amounts it has collected on the A/R once all such collections are completed to allow

for a corresponding reduction in the Prepetition Obligations (as defined in the Final DIP Order) equal to the amounts realized in collection of the A/R, net of the cost and expenses of collection.

4. Any fees received by the Secured Parties' (as defined in the Final DIP Order) professionals in excess of fees incurred shall be returned to the Prepetition Agent for application to the outstanding Prepetition Obligations (as defined in the Final DIP Order).

5. The deadline for all Estate Professionals to file monthly and quarterly applications for fees and expenses incurred through the Conversion Effective Date is November 8, 2013. A hearing on such final fee applications will be held on December __, 2013. Any funds remaining in the Professional Fee Trust Account after the payment of the allowed administrative claims of Estate Professionals shall be transferred to the Prepetition Agent in accordance with Paragraphs 18 and 23(c) of the Final DIP Order.

6. In addition to the chapter 7 trustee, the GUC Trustee appointed to administer the GUC Trust, or any successor, shall have standing to prosecute claims objections with to the claims filed against the Debtors' estates.

7. Kurtzman Carson Consultants, the Debtors' notice and claims agent that was retained pursuant to the Order Approving Application Appointing Kurtzman Carson Consultants, LLC as Claims and Noticing Agent for the Debtors Pursuant to 28 U.S.C. 156(c) [Docket No. 44], is hereby discharged from its engagement upon the Conversion Effective Date.

8. Proceeds realized by the chapter 7 trustee from the disposition of any Prepetition Collateral (as defined in the Final DIP Order) remaining in the Debtors' estates after the Conversion Effective Date, shall be promptly disbursed to the Prepetition Agent for the

satisfaction of the Prepetition Obligations (as defined in the Final DIP Order) in accordance with the terms of the Prepetition Agreements (as defined in the Final DIP Order); *provided, however*, any allowed trustee commissions under section 326(a) of the Bankruptcy Code earned in connection with such disbursements shall be satisfied from unencumbered funds in the debtors' estates and amounts carved out under the Final DIP Order for payment of post Termination Event (as defined in the Final DIP Order) Case Administration Fees and Professional Fees (each as defined in the Final DIP Order)

9. Upon the Conversion Effective Date, the Debtor shall:

　　a. Forthwith turn over to the chapter 7 trustee all records and property of the estate under its custody and control as required by Bankruptcy Rule 1019(4).

　　b. Within 14 days of the Conversion Effective Date, file a schedule of unpaid debts incurred after the Petition Date of the superseded case including the name and address of each creditor, as required by Bankruptcy Rule 1019(5).

　　c. Within 14 days of the date of the Conversion Effective Date file the statements and schedules required by Bankruptcy Rule 1019(1)(A) and 1007(b), if such documents have not already been filed.

　　d. Within 30 days from the Conversion Effective Date file and transmit to the U.S. Trustee a final report and account as required by Bankruptcy Rule 1019(5)(A).

10. A representative of the Debtors and, if requested by the chapter 7 trustee, counsel to the Debtors in these chapter 11 cases, shall appear at the first meeting of creditors

after conversion of the Debtors' cases to chapter 7 pursuant to sections 341(a) and 343 of the Bankruptcy Code, and such representative shall be available to testify at such meeting. The Debtor shall be able to look to the Carveout Funds and the Unencumbered Funds to satisfy any fees or expenses incurred by the actions set forth in Paragraphs 8 and 9 of this Order.

11. The Court retains jurisdiction to interpret and enforce the terms of this Order.

Dated: _____, 2013

                                                      _____
                                                      The Honorable Kevin J. Carey
                                                      United States Bankruptcy Judge