IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIGHWAY TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 13-11326 (KJC)<br><br>(Jointly Administered)<br>**Re: Docket No. \_\_\_\_\_** |

**ORDER APPROVING STIPULATION AND ORDER BETWEEN THE DEBTORS AND
<u>LIBERTY MUTUAL INSURANCE COMPANY</u>**

Upon consideration of the *Stipulation and Order* between the above-captioned debtors (the "Debtors") and Liberty Mutual Insurance Company and its affiliates (the "Stipulation"), a copy of which is attached to this order as <u>Exhibit A</u>, and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The Stipulation and all of the terms set forth therein are APPROVED and shall have the full force and effect of an order entered by the Court with respect thereto.

2. The Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Stipulation or this Order.

Dated: _____, 2013

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 2600 South Shore Blvd., Suite 300, League City, Texas, 77573.

DOCS_DE:189684.1 36024/001

## **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HIGHWAY TECHNOLOGIES, INC., *et al.*,) | Case No. 13-11326 |
| ) | |
| Debtors.[1] ) | (Jointly Administered) |
| ) | |

## STIPULATION AND ORDER

This Stipulation and Order (this "Stipulation"), subject to Bankruptcy Court approval, is entered into this 24th day of September 2013 by and between Liberty Mutual Insurance Company and its affiliates issuing Policies ("Liberty") and the debtors in the above-captioned case, Highway Technologies, Inc. and HTS Acquisition, Inc. (the "Debtors") (together with Liberty, the "Parties").

WHEREAS, on May 22, 2013, each of the Debtors commenced a voluntary case (the "Bankruptcy Cases") under chapter 11 of title 11 of the United States Code, which cases were jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure;

WHEREAS, prior to the Petition Date, Liberty issued insurance policies for the benefit of one or more of the Debtors providing workers' compensation, general liability, auto liability insurance coverage, umbrella and other liability coverage (as renewed, amended, modified, endorsed or supplemented from time to time, together with any agreements related thereto, the "Policies");

WHEREAS, the Policies, with the exception of the workers' compensation policy that terminated on August 1, 2013, are "Guaranteed Cost" policies (the "Guaranteed Cost Policies");

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

WHEREAS, the handling of claims made under the Guaranteed Cost Policies will not have any monetary effect on the Debtors or the bankruptcy estates (the "Estates");

WHEREAS, following the commencement of the Bankruptcy Cases, Liberty has received notice of multiple claims made under the Guaranteed Cost Policies and believes that the claims will be resolved fairly and efficiently (particularly with respect to injured or deceased former employees) if they are handled in the ordinary course of business;

WHEREAS, Liberty and the Debtors have engaged in communications regarding the handling of claims made under the Guaranteed Cost Policies.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, Liberty and the Debtors agree and stipulate as follows:

1. The foregoing recitals are incorporated into and made a substantive part of this Stipulation.

2. The Parties acknowledge and agree that this Stipulation is subject to the approval of the Bankruptcy Court. The Parties further acknowledge and agree that if this Stipulation is not approved in the form executed by the Parties, (i) the arrangement contemplated hereby shall be null and void and of no effect; (ii) nothing contained in this Stipulation shall be deemed an admission of liability or culpability on behalf of any Party; and (iii) this Stipulation shall not be construed to support the validity of any claim or contention made or threatened by or against any Party.

3. The Debtors acknowledge that Liberty's handling of claims made under the Guaranteed Cost Polices will have no impact on the Debtors or the Estates.

4. Liberty shall be allowed and has the authority to handle claims made under the Guaranteed Cost Policies in the ordinary course of business subject to the terms, conditions,

limitations and exclusions of the Policies. The automatic stay imposed under 11 U.S.C. §362, to the extent it applies, is hereby modified, vacated and terminated as to any and all of the claims against the Debtors that the Guaranteed Cost Policies respond to.

5. The Parties agree that their respective rights, remedies, claims and defenses under the Policies shall remain in full force and effect. Nothing in this Stipulation or any other order issued by the Bankruptcy Court shall be deemed to alter, expand or limit the respective rights, obligations, and/or defenses of Liberty and the Debtors under the Policies. Without limiting the generality of the foregoing, Liberty shall administer, handle and pay claims subject to the terms, conditions, limitations and exclusions of the Policies. The Debtors shall continue to perform the obligations under the Policies, including without limitation the duty to cooperate with Liberty in the defense of claims.

6. Nothing contained herein shall be deemed a waiver of Liberty's rights to assert claims against the Debtors or the Estates arising out of or in connection with the Policies, or the Debtors' rights to object to any claim asserted by any party against the Debtors or the Estates arising out of or in connection with the Policies, and the Parties' rights in connection therewith are hereby preserved.

7. This Stipulation and all of its provisions shall be binding upon the Debtors and Liberty and each of their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the Bankruptcy Cases or any cases to which they may be converted or upon dismissal of such cases.

8. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements and understandings, both written and oral, among the Parties with respect thereto; provided, however, that this

Stipulation shall not alter, amend or affect the Parties' respective rights, defenses and obligations under the Policies.

9. The Bankruptcy Court shall have exclusive jurisdiction to resolve and determine all disputes and other matters arising in connection with the interpretation or enforcement of this Stipulation.

| HIGHWAY TECHNOLOGIES, INC. and HTS ACQUISITION, INC., | LIBERTY MUTUAL INSURANCE COMPANY, |
|---|---|
| By their attorneys: | By its attorneys: |
| /s/ Debra Grassgreen<br>Debra Grassgreen<br>Pachulski Stang Ziehl & Jones LLP<br>150 California Street, 15th Floor<br>San Francisco, California 94111<br>(415) 263-7000 (Telephone)<br>(415) 263-7010 (Facsimile) | /s/ Douglas R. Gooding<br>Douglas R. Gooding<br>Megan B. Felter<br>Choate, Hall & Stewart LLP<br>Two International Place<br>Boston, Massachusetts 02110<br>(617) 248-5000 (Telephone)<br>(617) 248-4000 (Facsimile) |
| Maria A. Bove<br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 36th Floor<br>New York, NY 10017<br>(212) 561-7700 (Telephone)<br>(212) 561-7777 (Facsimile) | |

So Ordered:

_____
United States Bankruptcy Court