# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHWAY TECHNOLOGIES, INC., *et al.*, | Case No.: 13-11326 (KJC) |
| Debtors.[1] | |

## FIRST AND FINAL APPLICATION OF HILCO INDUSTRIAL, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS EXCLUSIVE MARKETING AND SALES AGENT TO THE DEBTORS

| | |
|---|---|
| Name of Applicant: | Hilco Industrial, LLC |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | *Nunc Pro Tunc* to May 21, 2013 |
| Period for which compensation is sought: | May 21, 2013 through September 25, 2013 |
| Amount of Compensation sought as actual, reasonable and necessary: | $1,072,034.21[2] |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $80,911.56[3] |

This is an:___ interim _X_ final application

This is the applicant's first and final fee application.

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

[2] To date, Hilco has been paid $906,644.23 and $165,389.98 remains outstanding. Additionally, at this time, certain transactions are pending and have not closed and, with respect to the invoice for the leased asset sales, Hilco estimated its compensation based on information provided by counsel to the Debtors. Hilco reserves the right to supplement this Application with additional amounts that may become due once such transactions close and will adjust its estimated fees and file supplemental materials with the Court.

[3] To date, Hilco has been reimbursed $0.00 and $80,911.56 remains outstanding.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHWAY TECHNOLOGIES, INC., *et al.*, | Case No.: 13-11326 (KJC) |
| Debtors.[4] | |

## FIRST AND FINAL APPLICATION OF HILCO INDUSTRIAL, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS EXCLUSIVE MARKETING AND SALES AGENT TO THE DEBTORS

Pursuant to 11 U.S.C. §§ 328 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, Hilco Industrial, LLC ("Hilco") hereby applies to this Court for final allowance of compensation for professional services rendered in the amount of $1,072,034.21 and for reimbursement of expenses in the amount of $80,911.56 as exclusive marketing and sales agent to the above-captioned debtor (the "Debtor") for the period commencing May 21, 2013 through and including September 25, 2013 (the "Fee Period"). In support of its Application, Hilco respectfully represents as follows:

## BACKGROUND

1. On May 22, 2013 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively referred to as the "Chapter 11 Cases"). During the Chapter 11 Cases, the Debtors operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[4] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

2

2.  On May 22, 2013, the Debtors filed an application to retain Hilco as their exclusive marketing and sales agent *nunc pro tunc* to May 21, 2013, as supported with a declaration by Ian S. Fredericks filed concurrently with the Application (the "Fredericks Declaration"). On June 27, 2013, this Court entered an order (the "Retention Order") authorizing the Debtors to employ and retain Hilco as their exclusive marketing and sales agent for the sale of certain of the Debtors' assets, (the "Order"). The Order authorized Hilco to be compensated in accordance with the terms of the Asset Marketing Agreement dated May 20, 2013 (the "AMA"), attached hereto as Exhibit C, provided, that Hilco was required to submit a final fee application subject to review under Section 328 of the Bankruptcy Code.

## COMPENSATION PAID AND ITS SOURCE

3.  All services for which compensation is requested by Hilco were performed for or on behalf of the Debtors.

4.  Attached hereto as Exhibit A are invoices detailing the fees and buyer's premiums earned by Hilco for the services performed during the Application Period.

5.  Attached hereto as Exhibit B is a summary of expenses incurred during the Fee Period.

## SUMMARY OF SERVICES RENDERED

6.  The Debtors retained Hilco to market and sell certain of the Debtor's assets primarily consisting of inventory, machinery, equipment, rolling stock, furniture and fixtures housed at 44 locations. To that end, Hilco has provided marketing and sales services to the Debtors including, but not limited to the following: (i) developing and implementing an advertising and marketing plan for the sale of the Assets, (ii) preparing for the sale of the Assets, including

3

gathering specifications and photographs for pictorial sales brochures, (iii) working with the Debtor to establish a procedure for collecting, protecting, and disbursing purchaser deposits and sales proceeds, in compliance with the applicable sales, use and other tax laws and regulations and with the rights of the Debtor's creditors, (iv) working with the Debtor for the sale of the Assets through negotiated sales or auction for cash to the highest bidder "as is," "where is," and in accordance with the terms of the AMA, (v) providing qualified and experienced personnel to prepare the Assets, handle computerized accounting functions to provide buyers with invoices, and collecting all purchase prices along with applicable taxes, (vi) coordinating the site clearance and overseeing the removal of the Assets by buyers from the Locations, and (vii) submitting a complete sales report to the Debtor.

7. During the Fee Period, Hilco made great strides to achieve significant results in order to achieve the Debtors' goals and objectives for its business. As of a result of Hilco's efforts, the gross proceeds in the sale of the Debtors' Assets totaled $1,072,034.21. Given the results obtained, Hilco respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for, beneficial to, and in the best interests of, the Debtors. Additionally, all expenses were incurred on behalf of the Debtors, are actual and reasonable, and were necessary to the services Hilco provided to the Debtors. Hilco further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors and the terms and conditions have not proven to have been improvident in light of developments not capable of being anticipated at the time Hilco's retention was approved.

## THE REQUESTED COMPENSATION SHOULD
## BE ALLOWED AND EXPENSES REIMBURSED

8. Section 328(a) of the Bankruptcy Code provides the trustee, or a committee appointed under section 1102, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. 11 U.S.C. § 328(a). Section 328 also says:

> The court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

9. The foregoing professional services performed by Hilco were appropriate and necessary. They were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved. The professional services were performed in an appropriately expeditious and efficient manner.

10. Additionally, pursuant to Section 330 of the Bankruptcy Code, all expenses were incurred on behalf of the Debtors, are actual and reasonable, and were necessary to the services Hilco provided to the Debtors.

11. Hilco therefore submits that the compensation & expense reimbursement requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors.

WHEREFORE, Hilco respectfully requests that final allowance of compensation in the amount of $1,072,034.21 and expenses in the amount of $80,911.56 be awarded for necessary professional services rendered to the Debtors for the Fee Period, and further requests such other and further relief as this Court may deem just and proper.

Dated: Northbrook, Illinois  HILCO INDUSTRIAL, LLC
September 25, 2013

_____
Ian S. Fredericks, VP, Assistant General Counsel, Managing Member
5 Revere Drive, Suite 206
Northbrook, Illinois 60062
Telephone: (847) 504-3257
Facsimile: (847) 897-0868