# EXHIBIT "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHWAY TECHNOLOGIES, INC., *et al.* | ) ) | Case No. 13-11326 (KJC) |
| | ) | |
| Debtors. | ) | |

## AFFIDAVIT OF EDWARD T. GAVIN, CTP

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | SS. |
| NEW CASTLE COUNTY | ) | |

BE IT REMEMBERED, that on this 23rd day of October, 2013, personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, **EDWARD T. GAVIN, CTP**, and being duly sworn according to law, deposes and says as follows:

1. I am a Managing Director of the firm of Gavin/Solmonese LLC ("G/S"), which has served as Financial Advisor to the Official Committee of Unsecured Creditors of the above-referenced bankruptcy case.

2. I have read the foregoing Application of G/S for allowance of compensation and reimbursement of expenses and know the contents thereof and that the same are true and correct, to the best of my knowledge, information and belief.

3. As noted in the Application for Employment of G/S, G/S is a national firm with a well-established reputation in providing financial and management advisory services. Including NHB Advisors, which G/S is in the process of acquiring, G/S has

8

two Managers, One Shareholder Principal: Edward T. Gavin, CTP (the "Shareholder Principal") and two non-shareholder Principals, several Employees, Independent Contractors or Managing Directors, Senior Consultants, and other associates (collectively, the "Associates"). The Shareholder Principal owns a separate business entity (corporation, limited liability company, or other legal entity) of which the Shareholder Principal is the primary employee. This entity provides the services of the Shareholder Principal to G/S and its clients pursuant to independent contractor agreements between each such entity and G/S. Compensation received by the Shareholder Principal's business entities is unrelated to fees received by G/S from any particular client. Compensation received by Employees is substantially unrelated to fees received by G/S from any particular client. Entities controlled by the non-shareholder Principal and Independent Contractors also have written employment and independent contractor agreements with G/S pursuant to which they provide services to G/S and its clients. Each of the non-shareholder Principal and Associates through their respective business entities does all or substantially all of its business with G/S. Compensation received by such entities is based in substantial part upon fees received by G/S from each of G/S's clients. Other than the foregoing, there is no agreement or understanding between G/S, and any other person for a division of compensation as consultants to the Debtor.

4. No division prohibited by the Bankruptcy Code will be made by G/S.

5. The undersigned hereby certifies, in accordance with Del. Bankr. L.R. 2016-2(f), that he has reviewed Del. Bankr. L.R. 2016-2, this Application and the

9

exhibits thereto, and that such Application and its exhibits comply with Del. Bankr. L.R. 2016-2.

6. No agreement prohibited by Title 18, Section 155 has been made.

*Edward T. Gavin* 
Edward T. Gavin, CTP

SWORN TO AND SUBSCRIBED before me this 23rd day of October, 2013.

*Judy L. Sacher*
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Judy L. Sacher, Notary Public
Norberth Boro, Montgomery County
My commission expires August 14, 2016