IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HIGHWAY TECHNOLOGIES, INC., et al, | : | |
| | : | Case No. 13-11326 (KJC) |
| Debtors | : | Jointly Administered |
| | : | |
| | : | **Hearing Date: November 7, 2013 at 11:00 a.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE
DEBTORS' MOTION TO CONVERT CASES FROM CHAPTER 11
TO CHAPTER 7 OF THE BANKRUPTCY CODE**

In support of her objection (the "Objection") to the Debtors' Motion to Convert Cases From Chapter 11 to Chapter 7 of the Bankruptcy Code (the "Motion"), Roberta DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

1. This Court has jurisdiction to hear the above-referenced Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the above-referenced Objection.

**Background**

4. On May 21, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. On May 30, 2013, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

**Argument**

6. The U.S. Trustee objects to the language that appears at the end of paragraphs 8 and 10 of the proposed order regarding the payment of trustee commissions and the use of the Carveout Funds and the Unencumbered Funds. The proposed language is not necessary in a conversion order. These issues do not need to be addressed at this juncture of the case but should instead wait until a chapter 7 trustee is appointed so that the matters can be considered by the chapter 7 trustee.

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying the Motion as written and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ROBERTA. DeANGELIS**
**UNITED STATES TRUSTEE**

Dated: November 1, 2013   **By:**   */s/ Jane M. Leamy*
Jane M. Leamy (#4113)
Trial Attorney
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491