# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIGHWAY TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 13-11326 (KJC)<br>(Jointly Administered)<br><br>**Docket No. 760** |
| JASON MCLAIN and THOMAS WACHSMAN, individually and on behalf of all other similarly situated former employees,<br><br>Plaintiffs.<br><br>v.<br><br>HIGHWAY TECHNOLOGIES, INC.,<br><br>Defendant. | Adv. Proc. No. 13-51106 (KJC)<br><br>**Docket No. 16** |

**ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANK. P. 7023 AND 9019 (I) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE DEBTOR AND WARN ACT CLAIMANTS, (II) CERTIFYING A CLASS OF WARN ACT CLAIMANTS FOR SETTLEMENT PURPOSES ONLY, (III) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES, (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE CLASS CERTIFICATION AND SETTLEMENT, (V) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT AGREEMENT, AND (VI) GRANTING RELATED RELIEF**

The Court has considered the joint motion of Highway Technologies, Inc. (the "Debtor" or the "Debtor-Defendant" and with respect to its bankruptcy cases, the "Chapter 11 Cases"), jointly administered under Case No. 13-11326 (KJC), on the one hand, and Jason McLain and

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831). The Debtors' mailing address is 2600 South Shore Blvd., Suite 300, League City, Texas, 77573.

Thomas Wachsman (collectively, the "Named Plaintiffs" or "Class Representatives"), on behalf of themselves and on behalf of similarly situated class members (together with the Class Representatives, but excluding the Opt-Outs (as hereinafter defined), the "Class Members" or "Class"), on the other hand, by and through their respective counsel, for the entry of orders: (a) approving the *Settlement and Release Agreement* dated as of November 19, 2013 (the "Settlement Agreement" or the "Settlement")[2] among the Debtor-Defendant and the Class Members (collectively, the "Parties") pursuant to Bankruptcy Rule 9019, (b) certifying the Class for settlement purposes only, appointing the law firm of Klehr Harrison Harvey Branzburg LLP as class counsel ("Class Counsel"), appointing Jason McLain and Thomas Wachsman as Class Representatives and preliminarily approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (c) approving the form and manner of notice to Class Members of the conditional class certification and settlement, (d) scheduling a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (e) after the Fairness Hearing, finally approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, and (f) granting related relief (the "Joint Motion"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A**.

The Court finds that:

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

A. On November 19, 2013, the notice of the Joint Motion ("Notice") was served by first class mail on the parties listed on the proof of service of the Notice filed with the Court.

B. The Notice given constituted the best notice practicable under the circumstances, is adequate and no other notice need be given.

C. A full opportunity has been offered to the parties-in-interest to participate in the hearing on the Joint Motion.

D. For purposes of the Class settlement, Class Counsel has had extensive experience handling class action WARN litigation and has been appointed class counsel in over fifteen (15) employment law class action cases, including many WARN Act class actions and that the Class Representatives do not have interests antagonistic to those of the Class.

E. For the purposes of the Class settlement: (i) the Class, consisting of approximately 740 Class Members, is so numerous that joinder of all Class Members is impracticable; (ii) there are questions of law or fact common to the Class; (iii) the claims of the Class Representatives are typical of the Class; (iv) the law firm of Klehr Harrison Harvey Branzburg LLP has fairly and adequately protected the interests of the Class; (v) questions of law or fact common to the Class Members predominate over any questions effecting only the individual Class Members; and (vi) the class settlement mechanism is superior to other available methods of resolving the alleged WARN Act claims and the other claims released in the Settlement Agreement. Therefore, the Class should be certified for settlement purposes only,

pursuant to Civil Rules 23(a) and (b)(3) and Bankruptcy Rule 7023, consisting of all persons who (i) were employed by the Debtor in the United States at one of its facilities (each an "Affected Facility" collectively, the "Affected Facilities"); (ii) suffered an "employment suffered an "employment loss", as that term is defined in 29 U.S.C. § 2101(a)(6) and 20 C.F.R. § 639.3(f), on or within thirty (30) days prior to May 17, 2013, or after May 17, 2013, as part of a "plant closing" or "mass layoff," as those terms are defined in 29 U.S.C. § 2101(a)(2)-(3) and 20 C.F.R. § 639.3(b)-(c), at an Affected Facility, or as the reasonably foreseeable consequence of a "plant closing" or "mass layoff" occurring on or about May 22, 2013, including, without limitation, those employees listed on Schedule 1 to the Settlement Agreement; (iii) meet the definition of "affected employee" as set forth in 29 U.S.C. § 2101(a)(5) and 20 C.F.R. § 639.3(e), including, without limitation, those employees listed on Schedule 1 to the Settlement Agreement; and (iv) do not file a timely request to opt out of the Class.

F. Notice should be given to all of the Class Members, affording them the opportunity to opt-out of the Class or object to the proposed Settlement Agreement.

G. Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and cost-effective, and preliminary approval of the Settlement Agreement is warranted.

H. The Settlement Agreement should be preliminarily approved.

I. Notice to all individuals identified in Schedule 1 to the Settlement Agreement by first class mail, postage prepaid, at their last known address as indicated in the

4

records of the Debtor (and as updated by Class Counsel's searches for current addresses or as may otherwise be determined by the Parties) is reasonable and the best notice practicable under the circumstances and such mailing should be made by Class Counsel within five (5) business days following the entry of this Order.

    J.      The contents of the Class Notice (the "Class Notice") form annexed to the Settlement Agreement as Exhibit C meet the requirements of Fed. R. Civ. P. 23(c)(2)(B). The Class Notice states the nature of the action, and the issues and defenses relevant to the action. The Class Notice also states that the Settlement Agreement, if approved, will be binding on all Class Members. The Class Notice summarizes the terms of the Settlement Agreement, the right of each Class Member to opt-out of the Class or object to the Settlement Agreement, the right of each Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Class Notice informs the Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Class Counsel's attorneys' fees and costs. *See* FED. R. CIV. P. 23(h).

    K.      The Fairness Hearing should be held no sooner than ninety (90) days after service of the Class Notice, so that Class Members will have sufficient time from the mailing of the Class Notice to secure further information regarding the relief sought by the Joint Motion, to opt out of the Class or object to the proposed Settlement Agreement should they choose to do so, and to engage counsel to appear at the Fairness Hearing.

L. Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Joint Motion is preliminarily GRANTED to the extent set forth herein.

2. The Settlement Agreement is hereby preliminarily approved.

3. The Class comprised of all persons who (i) were employed by the Debtor in the United States, including those employed at the Affected Facilities; (ii) suffered an "employment loss", as that term is defined in 29 U.S.C. § 2101(a)(6) and 20 C.F.R. § 639.3(f), on or within thirty (30) days prior to May 17, 2013, or after May 17, 2013, on, as part of a "plant closing" or "mass layoff," as those terms are defined in 29 U.S.C. § 2101(a)(2)-(3) and 20 C.F.R. § 639.3(b)-(c), at an Affected Facility, or as the reasonably foreseeable consequence of a "plant closing" or "mass layoff" occurring on or about May 17, 2013, including, without limitation, those employees listed on Schedule 1 to the Settlement Agreement; (iii) meet the definition of "affected employee" as set forth in 29 U.S.C. § 2101(a)(5) and 20 C.F.R. § 639.3(e), including, without limitation, those employees listed on Schedule 1 to the Settlement Agreement; and (iv) do not file a timely request to opt out of the Class, is hereby certified for settlement purposes only, pursuant to Civil Rules 23(a) and (b)(3) and Bankruptcy Rule 7023, with respect to their WARN Act claims against the Debtor and all other claims released pursuant to the Settlement Agreement.

4. Jason McLain and Thomas Wachsman are hereby appointed as Class Representatives.

5. The law firm of Klehr Harrison Harvey Branzburg LLP is hereby appointed as Class Counsel.

6. The form of the Class Notice and the service of the Class Notice by Class Counsel by first class mail, postage prepaid, to each individual identified in <u>Schedule 1</u> to the Settlement Agreement at his or her last known address contained in the Debtor's records (as updated by Class Counsel's searches for current addresses or as may otherwise be determined by the Parties) is hereby approved.

7. The Class Notice shall be mailed by first class mail by Class Counsel to the individuals identified in <u>Schedule 1</u> to the Settlement Agreement within fifteen (15) business days following the entry of this Order.

8. Objections or other responses to final approval of the Settlement Agreement are to be filed with the Clerk of the Court and mailed to the parties listed in the Class Notice, so that they are received by all parties no later than five (5) business days prior to the Fairness Hearing. Objections or other responses must be in writing and must set forth the basis for any such objection or other response to the Settlement Agreement.

9. Should a Class Member choose not to be bound by the Settlement, his or her completed and executed Opt-Out Notice Form (in the form of the last page of the Class

Notice) must be mailed to Class Counsel as listed and described in the Class Notice, so that such Opt-Out Notice Firm is received by Class Counsel no later than five (5) business days prior to the Fairness Hearing.

10. Prior to the Fairness Hearing, counsel for the Debtor shall file a declaration attesting to the service of notice of this Settlement to the appropriate federal and state officials pursuant to 28 U.S.C. §1715. No final order approving the Settlement Agreement shall be entered until all applicable statutory notice periods have expired.

11. The Court shall conduct the Fairness Hearing on March 19, 2014 at 10:00 a.m. The Court may adjourn the Fairness Hearing without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

12. This Court retains jurisdiction to construe, interpret, enforce, and implement the Settlement Agreement and this Order.

Dated: Wilmington, Delaware
Dec 10, 2013

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

8