IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Highway Technologies, Inc., et al., | ) | Case No. 13-11326 (KJC) |
| | ) | (Jointly Administered) |
| Debtors[1]. | ) | |

**Objection Deadline: January 8, 2014 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

## SIXTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM NOVEMBER 1, 2013 THROUGH NOVEMBER 30, 2013

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and debtors in possession |
| Date of Retention: | Nunc Pro Tunc to May 22, 2013 by order signed June 27, 2013 |
| Period for which Compensation and Reimbursement is Sought: | November 1, 2013 through November 30, 2013[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $81,168.25 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 7,958.65 |

This is a:      x  monthly         interim          final application.

The total time expended for fee application preparation is approximately 4.0 hours

and the corresponding compensation requested is approximately $1,800.00.

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 08/15/13 | 05/22/13 – 06/30/13 | $651,746.75 | $74,546.43 | $651,746.75 | $74,546.43 |
| 08/27/13 | 07/01/13 – 07/31/13 | $321,385.00 | $22,309.18 | $321,385.00 | $22,309.18 |
| 09/17/13 | 08/01/13 – 08/31/13 | $208,656.50 | $16,370.96 | $208,656.50 | $16,370.96 |
| 10/25/13 | 09/01/13 – 09/30/13 | $135,479.00 | $11,146.88 | $108,383.20 | $11,146.88 |
| 12/06/13 | 10/01/13 – 10/31/13 | $ 89,002.75 | $10,955.16 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant Number of Years in that Position Prior Relevant Experience Year of Obtaining License to Practice Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Debra I. Grassgreen | Partner 1997; Member of CA Bar since 1994; Member of FL Bar since 1992 | $875.00 | 15.70 | $13,737.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $850.00 | 0.20 | $    170.00 |
| Bruce Grohsgal | Partner 2003; Member of PA Bar since 1984; Member of De Bar since 1997 | $750.00 | 18.80 | $14,100.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $595.00 | 4.60 | $ 2,737.00 |
| John W. Lucas | Associate 2009; Member of NY Bar since 2005; Member of CA Bar since 2010 | $555.00 $277.50 | 66.40 9.70 | $36,852.00 $ 2,691.75 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $450.00 | 4.20 | $ 1,890.00 |
| Peter J. Keane | Associate 2010; Member of PA Bar since 2008; Member of DE and NH Bar since 2010 | $425.00 | 2.70 | $ 1,147.50 |
| Kathe F. Finlayson | Paralegal 2000 | $295.00 | 24.50 | $ 7,227.50 |
| Monica Molitor | Paralegal 2009 | $295.00 | 0.40 | $    118.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kati L. Suk | Paralegal 2009 | $235.00 | 1.70 | $ 399.50 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $195.00 | 0.50 | $ 97.50 |

**Grand Total:** $ 81,168.25
**Total Hours:** 149.40
**Blended Rate:** $ 543.29

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 2.70 | $ 2,032.50 |
| Avoidance Actions | 0.20 | $   150.00 |
| Asset Disposition | 4.10 | $ 3,100.00 |
| Bankruptcy Litigation | 15.80 | $ 5,798.00 |
| Case Administration | 3.60 | $ 1,012.00 |
| Claims Admin./Objections | 90.70 | $53,835.50 |
| Compensation of Professional | 5.30 | $ 2,969.50 |
| Compensation of Prof./Other | 1.70 | $   800.50 |
| Financial Filings | 0.50 | $   147.50 |
| Financing | 2.10 | $ 1,517.50 |
| Non-Working Travel | 9.70 | $ 2,691.75 |
| Stay Litigation | 11.90 | $ 6,151.00 |
| Tax Issues | 1.10 | $   962.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | United Airlines | $3,807.80 |
| Auto Travel Expense | Sunny's Transportation; Taxi Fare | $ 217.98 |
| Working Meals | Chickie & Pete's | $  17.31 |
| Conference Call | AT&T Conference Call | $   0.55 |
| Delivery/Courier Service | Digital Legal | $  42.83 |
| Filing Fee | USBC | $  15.00 |
| Hotel Expense | Hotel DuPont | $ 295.00 |
| Court Research | Pacer | $ 195.20 |
| Postage | US Mail | $ 585.80 |
| Reproduction Expense |  | $ 860.60 |
| Reproduction/ Scan Copy |  | $ 403.20 |
| Travel Expense | Travel Agency Fee; Petty cash | $  70.00 |
| Transcript | J&J Transcribers | $ 120.60 |
| Legal Research | Westlaw | $1,326.78 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Highway Technologies, Inc., et al., | ) | Case No. 13-11326 (KJC) |
| | ) | (Jointly Administered) |
| Debtors[1]. | ) | |

**Objection Deadline: January 8, 2014 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

## SIXTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM NOVEMBER 1, 2013 THROUGH NOVEMBER 30, 2013

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the

"Bankruptcy Rules"), and the Court's "Order Establishing Procedures for Interim Compensation

and Reimbursement of Expenses of Professionals", signed on or about June 11, 2013 (the

"Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel

for the debtors and debtors in possession ("Debtors"), hereby submits its Sixth Monthly

Application for Compensation and for Reimbursement of Expenses for the Period from

November 1, 2013 through November 30, 2013 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation

in the amount of $81,168.25 and actual and necessary expenses in the amount of $7,958.65 for a

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc (9831). The Debtors' mailing address is 6800 Dixie Drive, Houston, Texas 77087.

total allowance of $89,126.90 and payment of $64,934.60 (80% of the allowed fees) and

reimbursement of $7,958.65 (100% of the allowed expenses) for a total payment of $72,893.25

for the period November 1, 2013 through November 30, 2013 (the "Interim Period").   In support

of this Application, PSZ&J respectfully represents as follows:

**Background**

1.      On May 22, 2013 (the "Petition Date"), the Debtors filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue in possession

of their properties and continue to operate and manage their businesses as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been

appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about June 11, 2013, the Court signed the Administrative Order,

authorizing certain professionals ("Professionals") to submit monthly applications for interim

compensation and reimbursement for expenses, pursuant to the procedures specified therein.

The Administrative Order provides, among other things, that a Professional may submit monthly

fee applications.  If no objections are made within twenty-one (21) days after service of the

monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%)

of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning

with the period ending August 31, 2013, and each three-month interval thereafter, each of the

Professionals must file and serve an interim application for allowance of the amounts sought in

its monthly fee applications for that period.  All fees and expenses paid are on an interim basis

until final allowance by the Court.

4.      The retention of PSZ&J, as counsel to the Debtors, was approved effective

as of May 22, 2013 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code,

Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 Authorizing

the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the

Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date," signed on or about June

27, 2013 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on

an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND
## FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Debtors.

6.      PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  PSZ&J has received

payments from the Debtors during the year prior to the Petition Date in the amount of

$375,000.00, which includes the Debtors' aggregate filing fees for these Chapter 11 cases, in

connection with its prepetition representation of the Debtors.  Upon final reconciliation of the

amount actually expended prepetition, (i) to the extent any balance remains from the prepetition

payments to the Firm, such balance will be credited to the Debtors and utilized as PSZ&J's

retainer to apply to postpetition fees and expenses pursuant to the compensation procedures

approved by this Court in accordance with the Bankruptcy Code and (ii) to the extent there is any

deficiency between the Firm's prepetition amount of fees and expenses and the prepetition

payments to the Firm, PSZ&J shall waive such deficiency.

**Fee Statements**

7.     The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the

Administrative Order.  PSZ&J's time reports are initially handwritten by the attorney or

paralegal performing the described services.  The time reports are organized on a daily basis.

PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time

frame on a variety of different matters for a particular client, separate time entries are set forth in

the time reports.  PSZ&J's charges for its professional services are based upon the time, nature,

extent and value of such services and the cost of comparable services other than in a case under

the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time"

to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J

professionals attempt to work during travel.

**Actual and Necessary Expenses**

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as these, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $1.00 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research.  PSZ&J bills its clients the actual amounts charged by such

services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12.    The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.    PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14.    The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

**Summary of Services**

A.    **Asset Analysis and Recovery**

15.    This category includes work related to the analysis of assets and their

recovery.  During the Interim Period, the Firm, among other things:  (1) performed work

regarding insurance refunds; (2) reviewed and analyzed insurance documents; (3) attended to

issues regarding the collection of accounts receivable; and (4) conferred and corresponded

regarding asset analysis and recovery issues.

Fees:  $2,032.50;    Hours:  2.70

B.    **Asset Disposition**

16.    This category includes work related to sale and other asset disposition

matters.  During the Interim Period, the Firm, among other things:  (1) performed work regarding

the sale of vehicles and regarding payment issues; (2) attended to issues regarding the Missoula

auction; and (3) corresponded and conferred regarding asset disposition issues.

Fees:  $3,100.00;    Hours:  4.10

C.    **Bankruptcy Litigation**

17.    This category includes work related to contested hearings and matters.

During the Interim Period, the Firm, among other things:  (1) performed work regarding case

conversion issues; (2) attended to scheduling issues; (3) performed work regarding Agenda

Notices and Hearing Binders; (4) performed work regarding orders; and (5) corresponded and conferred regarding various litigation matters.

Fees: $5,948.00;      Hours: 16.00

### D.    Case Administration

18.    This category includes work related to administering the cases in an efficient manner.  During the Interim Period, the Firm, among other things:  (1) maintained document control; and (2) maintained a memorandum of critical dates.

Fees: $1,012.00;      Hours: 3.60

### E.    Claims Administration and Objections

19.    This category includes work related to claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) performed work regarding a pre-trial statement for the Wynne administrative claim objection; (2) performed work regarding a proffer in support of objection; (3) prepared for and attended a hearing on November 7, 2013 regarding the Wynne claim objection; (4) reviewed and analyzed claim documents and performed research regarding a possible settlement of the Wynne claim objection; (5) performed work regarding a letter brief in the Wynne matter; (6) reviewed and analyzed a response brief in the Wynne matter; (7) reviewed and analyzed Section 503(b) claims; (8) performed work regarding a motion to settle WARN Act claims; (9) attended to vacation claim issues; (10) attended to confidentiality issues; and (11) conferred and corresponded regarding claim issues.

Fees: $53,835.50;      Hours: 90.70

**F.     Compensation of Professional**

24.     This category includes work related to compensation of the Firm.  During the Interim Period, the Firm, among other things:  (1) drafted its October 2013 monthly fee application; and (2) monitored the status and timing of fee applications.

Fees:  $2,969.50;      Hours:  5.30

**G.     Compensation of Professionals--Others**

20.     This category includes work related to compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding the Imperial fee matter and regarding Ordinary Course Professionals issues.

Fees:  $800.50;      Hours:  1.70

**H.     Financial Filings**

21.     This category includes work related to compliance with reporting requirements.  During the Interim Period, the Firm, among other things, attended to issues regarding Monthly Operating Reports.

Fees:  $147.50;      Hours:  0.50

**I.     Financing**

22.     This category includes work related to Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed cash flow documents; (2) attended to budget issues; and (3) conferred and corresponded regarding financing issues.

Fees:  $1,517.50;      Hours:  2.10

### J.    Non-Working Travel

23.    During the Interim Period, the Firm incurred non-working time while traveling on case matters. Such time is billed at one-half the normal rate.

Fees: $2,691.75;    Hours: 9.70

### K.    Stay Litigation

25.    This category includes work related to the automatic stay and relief from stay motions. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed the Arch motion to clarify order granting Merrill's relief from stay motion; (2) prepared for and attended a telephonic hearing on November 4, 2013 on the Arch motion; (3) performed work regarding a stay relief order in the Lettenberger matter; (4) attended to issues regarding the Rodriguez, McGhee and Daniels relief from stay motions; and (5) corresponded and conferred regarding stay litigation matters.

Fees: $6,151.00;    Hours: 11.90

### L.    Tax Issues

26.    This category includes work related to tax issues. During the Interim Period, the Firm, among other things, performed work regarding Texas tax issues.

Fees: $962.50;    Hours: 962.50

### Valuation of Services

27.    Attorneys and paraprofessionals of PSZ&J expended a total 149.40 hours in connection with their representation of the Debtors during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant; Number of Years in that Position; Prior Relevant Experience; Year of Obtaining License to Practice; Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Debra I. Grassgreen | Partner 1997; Member of CA Bar since 1994; Member of FL Bar since 1992 | $875.00 | 15.70 | $13,737.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $850.00 | 0.20 | $    170.00 |
| Bruce Grohsgal | Partner 2003; Member of PA Bar since 1984; Member of De Bar since 1997 | $750.00 | 18.80 | $14,100.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $595.00 | 4.60 | $ 2,737.00 |
| John W. Lucas | Associate 2009; Member of NY Bar since 2005; Member of CA Bar since 2010 | $555.00<br>$277.50 | 66.40<br>9.70 | $36,852.00<br>$ 2,691.75 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $450.00 | 4.20 | $ 1,890.00 |
| Peter J. Keane | Associate 2010; Member of PA Bar since 2008; Member of DE and NH Bar since 2010 | $425.00 | 2.70 | $ 1,147.50 |
| Kathe F. Finlayson | Paralegal 2000 | $295.00 | 24.50 | $ 7,227.50 |
| Monica Molitor | Paralegal 2009 | $295.00 | 0.40 | $    118.00 |
| Kati L. Suk | Paralegal 2009 | $235.00 | 1.70 | $    399.50 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $195.00 | 0.50 | $      97.50 |

**Grand Total:** $  81,168.25
**Total Hours:**          149.40
**Blended Rate:** $      543.29

28.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $81,168.25.

29.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this

Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period November 1,

2013 through November 30, 2013, an interim allowance be made to PSZ&J for compensation in

the amount of $81,168.25 and actual and necessary expenses in the amount of $7,958.65 for a

total allowance of $89,126.90 and payment of $64,934.60 (80% of the allowed fees) and

reimbursement of $7,958.65 (100% of the allowed expenses) be authorized for a total payment of

$72,893.25, and for such other and further relief as this Court may deem just and proper.

Dated: December 18, 2013

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
John W. Lucas (NY Bar No. 4288379)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)

Counsel for the Debtors and Debtors in Possession

# VERIFICATION

STATE OF DELAWARE    :
                                 :

COUNTY OF NEW CASTLE  :

 

Laura Davis Jones, after being duly sworn according to law, deposes and says:

       a)      I am a partner at the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

       b)      I am familiar with the work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZ&J.

       c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about June 11, 2013, and submit that the Application substantially complies with such Rule and Order.

                                      Laura Davis Jones

SWORN AND SUBSCRIBED
before me this 18 day of Dec., 2013.

                              K A JOHN BOWER
                              NOTARY PUBLIC
Notary Public               STATE OF DELAWARE
My Commission Expires:  My commission expires Nov. 13, 2014