# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| HIGHWAY TECHNOLOGIES, INC., <u>et al.</u>,[1] | : Case No. 13-11326 (KJC) |
| | : (Jointly Administered) |
| Debtors. | : |
| | : **Hearing Date: September 17, 2015 at 2:00 p.m.** |
| | : **Obj. Deadline: August 18, 2015 at 4:00 p.m.** |

**MOTION OF CHAPTER 7 TRUSTEE FOR ENTRY OF AN
ORDER VACATING FEBRUARY 11, 2015 DISMISSAL ORDER OF THE
CIRCUIT COURT OF ST. CLAIR COUNTY, ILLINOIS AS VOID *AB INITIO***

Charles A. Stanziale, Jr., solely in his capacity as the duly appointed Chapter 7 Trustee (the "Chapter 7 Trustee"), by and through his undersigned counsel, for debtors Highway Technologies, Inc. ("Highway Technologies") and HTS Acquisition, Inc., and pursuant to Sections 105 and 362(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (a) (as amended, the "Bankruptcy Code"), hereby moves (this "Motion") the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for entry of an Order vacating the February 11, 2015 Order of the Circuit Court of St. Clair County, Illinois as void *ab initio*. In support of this Motion, Chapter 7 Trustee respectfully states as follows:

## I.     INTRODUCTION

The Chapter 7 Trustee brings this Motion seeking the entry of an Order vacating the Circuit Court of St. Clair County, Illinois' (the "State Court") Order of February 11, 2015 (the "State Court Order") in Case No. 11 L 30 (the "State Court Action"), which dismissed Highway Technologies' prepetition third-party claims against Keeley & Sons, Inc. ("Keeley") and Stamm Transport, Inc. ("Stamm"; collectively referred to as the "Third-Party Defendants"). Both the Third-Party Defendants and the State Court acted in violation of the automatic stay provisions of

---

[1] The Debtors in these proceedings and the last four digits of the Debtors' respective federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831).

ME1 20867279v.1

the Bankruptcy Code. Consequently, the Chapter 7 Trustee requests that the Bankruptcy Court enter an Order finding that the State Court Order is void *ab initio*.

Alternatively, the Chapter 7 Trustee seeks an Order vacating the State Court Order due to the Third-Party Defendants' failure to provide notice of the underlying motions to the Chapter 7 Trustee prior to entry of the State Court Order. Indeed, the Chapter 7 Trustee, as the real party in interest, was entitled to notice of any proceedings negatively affecting Highway Technologies' bankruptcy estate. Thus, the Third-Party Defendants' failure to provide notice violated the Chapter 7 Trustee's due process rights and cannot stand.

Finally, as an additional alternative basis for relief, the Chapter 7 Trustee seeks an Order vacating the State Court Order due to the State Court's failure to afford the Chapter 7 Trustee an opportunity to substitute as the real party in interest. At the time the State Court entered the State Court Order, the statute of limitations on Highway Technologies' Third-Party Claims had expired. As a result, the Chapter 7 Trustee was effectively barred from refiling these claims, thereby prejudicing the bankruptcy estate and creditors alike, and permitting the Third-Party Defendants to avoid liability for their wrongful conduct.

## II. JURISDICTION, VENUE AND PREDICATES FOR RELIEF

1. The Bankruptcy Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are Sections 105 and 362(a) of the Bankruptcy Code.

## III. BACKGROUND

### a. The Prepetition Litigation

2. On January 19, 2011, the plaintiffs in the State Court Action, Edward Kimme and Dennis Knutt (the "State Court Plaintiffs"), filed their Complaint against Highway Technologies.

4

The Complaint set forth two counts against Highway Technologies, each sounding in negligence. Highway Technologies, in turn, filed third-party claims against, *inter alia*, the Third-Party Defendants in the State Court Action. Specifically, Highway Technologies filed its Second Amended Third-Party Complaint against Keeley on September 24, 2012, asserting claims for contributory negligence under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1, et seq., and breach of contract due to Keeley's failure to procure insurance on behalf of Highway Technologies. In addition, Highway Technologies filed its Third-Party Complaint against Stamm on February 13, 2013, sounding in negligence and seeking contribution under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1, et seq. (collectively with Keeley's third-party claims, the "Third-Party Claims").

      **b.**      **Highway Technologies' Bankruptcy**

3.      Thereafter, on May 22, 2013 (the "Petition Date"), Highway Technologies filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

4.      On the same date, an Order [Docket No. 43] was entered directing the joint administration of Highway Technologies' case pursuant to Bankruptcy Rule 1015(b).

5.      Subsequently, on December 20, 2013 (the "Conversion Date"), an Order [Docket No. 812] was entered converting Debtors' cases under Chapter 11 of the Bankruptcy Code to cases under Chapter 7 of the Bankruptcy Code.

6.      On the Conversion Date, the Office of the United States Trustee for the District of Delaware appointed [Docket No. 813] Charles A. Stanziale, Jr. as the Interim Chapter 7 Trustee in the Debtors' bankruptcy cases.

    **c.**    **Order Approving Stipulation Between the State Court Plaintiffs and <u>Highway Technologies</u>**

7.    On March 21, 2014, this Court entered the Order Approving Stipulation Between Edward Kimme And Dennis Knutt And Debtor For Relief From The Automatic Stay (the "<u>Stipulation</u>"). A true and correct copy of the Stipulation is annexed hereto as **Exhibit A**.

8.    The Stipulation provided, in pertinent part, as follows:

> 1.    The Automatic Stay will be modified with Respect to the State Court Action solely to allow the State Court Plaintiffs to liquidate their claims in the State Court Action and to recover against the Debtor's insurance proceeds (the "<u>Proceeds</u>"), if any, under the Debtor's Identified Policy, Excess Policies, and any other applicable insurance policies (collectively, the "<u>Insurance Policies</u>").
>
>                             \*\*\*
>
> 6.    Except as provided herein, the Automatic Stay, as applicable, including, without limitation, those provisions prohibiting the execution, enforcement or collection of any judgment that may be rendered against the Debtor and/or assets of the Debtor's estate, shall remain in full force and effect…

*See* Exhibit A, Stipulation ¶¶ 1, 6.

9.    Significantly, the Stipulation states that it "shall have no effect as to parties that are not a party to this Stipulation." *Id*., ¶ 10.

10.    The Third-Party Defendants were not parties to the Stipulation.

    **d.**    **The Third-Party Defendants' Motions To Dismiss**

11.    Subsequent to the Petition Date, on December 9, 2014, Keeley filed its Motion to Dismiss, which sought dismissal of Highway Technologies' Third-Party Claims – *i.e.*, claims owned by the Chapter 7 Trustee – brought against it. In addition, on February 10, 2015, Stamm filed its Motion to Dismiss (collectively with Keeley's Motion to Dismiss, the "<u>Motions to Dismiss</u>"), which sought dismissal of Highway Technologies' Third-Party Claims brought

6

against it. The Third-Party Defendants' Motions to Dismiss are based upon Highway Technologies lack of standing to pursue its Third-Party Claims due to the filing of the Petition.

12. The Chapter 7 Trustee was never served with copies of the Third-Party Defendants' Motions to Dismiss, despite both Keeley and Stamm being fully aware of his appointment. A true and correct copy of the Certificate of Service for Third-Party Defendants' Motion to Dismiss is annexed hereto as **Exhibit B**.

13. Worse, on February 11, 2015, without affording the Chapter 7 Trustee an opportunity to substitute as the real party in interest, the State Court granted the Third-Party Defendants' Motions to Dismiss – again, without notice to the Chapter 7 Trustee – disposing of Highway Technologies' Third-Party Claims. (*See* State Court Order, annexed hereto as **Exhibit C**). Significantly, the Third-Party Defendants did not seek and were not granted relief from the automatic stay prior to filing the Motions to Dismiss.

## IV.   ARGUMENT

### a.   Legal Standard

10. Section 105 of the Bankruptcy Code provides that the bankruptcy court:

> … may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C.A. § 105 (West 2015).

11. Under the Bankruptcy Code, bankruptcy courts are provided with the authority to vacate void state court judgments. S*ee Raymark Industries, Inc. v. Lai,* 973 F.2d 1125, 1132 (3d Cir. 1992) (noting that bankruptcy courts have the authority to vacate a state court order due to violations of the automatic stay, but do not have authority to reconsider the merits of a state court

7

judgment); *In re James*, 940 F.2d 46, 52 (3d Cir. 1991) ("Because a void judgment is null and without effect, the vacating of such a judgment is merely a formality and does not intrude upon the notion of mutual respect in federal-state interests."); *see also Browning v. Navarro*, 887 F.2d 553, 559 (5th Cir. 1989) (bankruptcy courts are not prohibited from entertaining a motion to vacate an improper state court judgment).

    b.    **The Circuit Court Of St. Clair County's February 11, 2015 Order Dismissing Highway Technologies Third-Party Claims Was Entered In Violation of the Automatic Stay Provisions Of The Bankruptcy Code**

12.    The Chapter 7 Trustee seeks an Order vacating the State Court Order dismissing Highway Technologies' Third-Party Claims against Keeley and Stamm as void *ab initio* as the entry of the State Court Order violated the automatic stay provisions of the Bankruptcy Code. Section 362(a)(3) of the Bankruptcy Code operates to stay "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C.A. § 362 (West 2015). Under Section 362(a)(3), "[i]f either the debtor-plaintiff or the defendant takes any course of action in the lawsuit that could be deemed an attempt to 'exercise control over property of the estate,' *including filing a motion to dismiss the debtor-plaintiff's lawsuit*, the stay may be violated." *In re Mid-City Parking, Inc.*, 332 B.R. 798, 808 (Bankr. N.D. Ill. 2005) (emphasis added); *see also Raymark,* 973 F.2d at 1133 (noting that actions taken by state courts in violation of the automatic stay imposed by Section 362(a) of the Bankruptcy Code are void *ab initio*).

13.    Here, the automatic stay provisions of Section 362(a) of the Bankruptcy Code halted all proceedings in the State Court Action on the Petition Date, May 22, 2013. Despite this, subsequent to the Petition Date and without seeking relief from the Bankruptcy Court to

modify the automatic stay in order to proceed against Highway Technologies, the Third-Party Defendants filed the Motions to Dismiss.[2]

14. Furthermore, on February 11, 2015, the State Court granted the Third-Party Defendants' Motions to Dismiss and entered the State Court Order disposing of Highway Technologies' Third-Party Claims. As neither the Third-Party Defendants, nor the State Court had the authority to proceed or enter an order exercising control over the property of Highway Technologies' estate, the State Court Order is void *ab initio*. *See Raymark,* 973 F.2d at 1133 (noting that actions taken in violation of the automatic stay imposed by the Bankruptcy Code are void *ab initio*). Consequently, the Bankruptcy Court should enter an Order vacating the State Court Order and reinstating Highway Technologies Third-Party Claims against Keeley and Stamm.

### c. Alternatively, The State Court Order Should Be Vacated Due To The State Court's Failure To Afford The Chapter 7 Trustee An Opportunity To Substitute As The Real Party In Interest.

15. Alternatively, the Bankruptcy Court should vacate the State Court Order due to the State Court's failure to afford the Chapter 7 Trustee an opportunity to substitute as the real party in interest prior to dismissing Highway Technologies' Third-Party Claims. Bankruptcy courts have permitted substitution of the trustee rather than dismissal where, as here, a statute of limitations would bar the trustee from later bringing the claim if dismissed. *See, e.g., Auday v. Wetseal Retail, Inc.,* No. 1:10-CV-260, 2013 WL 2457717, at *6 (E.D. Tenn. June 6, 2013*); Canterbury v. Fed.-Mogul Ignition Co.*, 483 F.Supp.2d 820, 826–28 (S.D. Iowa 2007).[3]

---

[2] As noted in Section III, c., *supra,* the Stipulation, which partially modified the Automatic Stay as between the State Court Plaintiffs and Highway Technologies, does not apply to and has no effect on the Third-Party Defendants or the claims Highway Technologies set forth against them.

[3] Although the court's decision in *Canterbury* was based upon Federal Rule of Civil Procedure 21 ("Misjoinder and Nonjoinder of Parties"), the Illinois Code of Civil Procedure § 2-407 provides similar, if not stronger, protections in the event of nonjoinder. *See* 735 ILCS 5/2-407 ("No action shall be …dismissed for nonjoinder of necessary parties without first affording reasonable opportunity to add them as parties.")

16.     For example, in *Auday*, the court found that dismissal would unfairly preclude the trustee from bringing the plaintiff's claims because the limitations period had run. *Auday*, 2013 WL 2457717, at *6. As a result, this would prevent the estate's creditors from ever recovering on any judgment entered as a result of the claims. *Id*. Thus, the court permitted the substitution and held that the claims were not time barred. *Id.* at *9. Similarly, in *Canterbury*, the court ruled against dismissal because the statute of limitations would have prevented the trustee from later bringing the claims. *Canterbury,* 483 F.Supp.2d at 827. There, the court found that this would be an inequitable outcome because it would be a "significant detriment" to both the trustee and the estate's creditors, and because it could allow the defendant to "receive a possible windfall by virtue of not being held accountable for its allegedly illegal actions." *Id*. Thus, pursuant to Federal Rule of Civil Procedure 21, the court substituted the trustee as the real party in interest.

17.     Here, the statute of limitations for Highway Technologies to file its Third-Party Claims against Keeley and Stamm expired on January 11, 2013. *See* 735 ILCS 5/13-204 ("[N]o action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process…") Yet, the State Court failed to provide the Chapter 7 Trustee with an opportunity to substitute as the real party in interest in order to pursue the Third-Party Claims. By dismissing Highway Technologies' Third-Party Claims on February 11, 2015, without first affording the Chapter 7 Trustee the opportunity to substitute as the real party in interest, the State Court potentially barred the Chapter 7 Trustee from refiling the Third-Party Claims against Keeley and Stamm. As a result, creditors of the bankruptcy estate may have lost any and all ability to recover against the sums which could have been secured as a result of the Third-Party Claims. As a result of the prejudice and injustice that

will result if the State Court Order is permitted to stand, the Chapter 7 Trustee requests that the Bankruptcy Court enter an Order vacating the State Court Order for failure to afford the Chapter 7 Trustee with an opportunity to substitute as the real party in interest.

> **d.    Alternatively, The State Court Order Should Be Vacated Due To The Third-Party Plaintiff's Failure To Provide Notice To The Chapter 7 Trustee Of The Motions to Dismiss**

18.    As an additional alternative basis for relief, the Chapter 7 Trustee requests that the Bankruptcy Court vacate the State Court Order due to the Third-Party Defendants' failure to provide the Chapter 7 Trustee with notice of the Motions to Dismiss that ultimately disposed of Highway Technologies' Third-Party Claims. As noted in Keeley and Stamm's Motions to Dismiss, upon the filing of a bankruptcy petition, the "title and right to possession of all property owned and possessed by the bankrupt vests in the trustee as of the date of the filing of the petition in bankruptcy, no matter whether situated within or without the district in which the court sits." *Isaacs v. Hobbs Tie & Timber Co.*, 282 U.S. 734, 737 (1931). Therefore, upon the filing of Highway Technologies' Petition on May 22, 2013, all property, including the right to pursue the Third-Party Claims, vested with the Chapter 7 Trustee who became the real party in interest. As a result, the Third-Party Defendants were required to provide the Chapter 7 Trustee with notice of the underlying Motions to Dismiss. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.")

19.    Despite Keeley and Stamm's recognition of this in the Motions to Dismiss, neither party provided notice to the Chapter 7 Trustee that the motions were filed, nor did the parties provide notice of the State Court Order following its entry. Due to Keeley and Stamm's

11

failure to provide notice to the only party with interest to pursue the Third-Party Claims at issue in the underlying litigation, the Chapter 7 Trustee requests that this Court exercise its authority under Section 105 of the Bankruptcy Code to enter an Order vacating the State Court Order.

## V.    CONCLUSION

WHEREFORE, the Chapter 7 Trustee requests that the Court enter an Order, (a) vacating the State Court Order and reinstating Highway Technologies' Third-Party Claims, and (b) granting the Chapter 7 Trustee such other relief as the Court deems just and proper.

Dated: July 28, 2015
Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

By: */s/ Kate Roggio Buck*
William F. Taylor, Jr. (DE #2936)
Kate Roggio Buck  (DE #5140)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone (302) 984-6300
wtaylor@mccarter.com
kbuck@mccarter.com

 -  *and*  -

Charles A. Stanziale, Jr.
Jeffrey T. Testa
Scott H. Bernstein
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444

*Attorneys for the Chapter 7 Trustee*