IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: : Chapter 7
:
HIGHWAY TECHNOLOGIES, INC., et al., : Case No. 13-11326 (IOC)
: (Jointly Administered)
Debtors. :Related to Docket NO. 1042

: Hearing Date: October 13, 2015 at 2 p.m.
: Obj. Deadline: October 6, 2015 at 4:00 p.m.

STAMM TRANPORT, INC.'S OBJECTIONS TO THE  DEBTOR'S INSURANCE
COMPANIES' MOTION TO RECONSIDER ORDER DATED SEPTEMBER 8, 2015
PURSUANT TO FED.R. BANKR. P 9023 (DOCKET NO 1042)

Comes now Stamm Transfer, Inc. (hereinafter Stamm) by counsel and for its Objections to the Debtor's Insurance Companies' Motion to Reconsider Order Dated September 8, 2015 Pursuant to Fed. R. Bankr. P. 9023 (Docket No. 1042) states as follows:

1. The Trustee and Keeley and Stamm entered into a settlement of the alleged claims the estate may have against Keeley and Stamm, which resulted in an order approving the settlement dated September 8, 2015 (the "Settlement Order").  Docket No. 1034

2. In their Motion, the Insurers assert, among other things, that the Trustee should have filed with the Court a Rule 9019 Motion to approve the settlement.  It is Stamm's understanding that counsel for Keeley has communicated with counsel for the Bankruptcy Trustee, who has indicated that the Bankruptcy Trustee intends to move forward with a Rule 9019 Motion in this cause.

3.      Stamm does not object to the Bankruptcy Trustee filing a Rule 9019 motion to approve the settlement approved by the Settlement Order.  Stamm does object to this Court vacating the Settlement Order based upon the assertions set forth in the Motion.

4.      The Debtor's insurers are neither parties nor creditors in Debtor's bankruptcy.  The Debtor's Insurers' ability to collect on Debtor's third party claims in the State Court Case was barred by the State Court dismissing those claims because they could not be pursued by Debtor. *Parker v. Wendy's Int'l, Inc.,* 365 F.3d 1268, 1272 (11th Cir.2004) ("a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate.")

5.      The Debtor's insurers are not parties to the bankruptcy and are not creditors and thus have no standing to attempt to set aside a settlement the Trustee negotiated in good faith resulting in a Settlement Agreement signed by Keeley and Stamm and the Trustee (Document 1032) *Federal Rules of Bankruptcy 9023* and approved by the Court on September 8, 2015 (Document 1034).  See, *In re Riazuddin*, 363 B.R. 177, 182-83 (10th Cir. BAP 2007).

6.      The Debtors' attempt to set aside a settlement made by the Trustee in good faith is an attempt to circumvent the Trustee's inherent authority to enter into good faith settlements for the benefit of the Bankrupt Estate.  The Debtor's insurers' motion to set aside the Settlement and Order approving it (No. 1034) will not benefit the Bankrupt Estate as the money HTI is seeking to recover from Keeley and Stamm in the underlying Third Party Claim will not be paid to or benefit the Bankrupt Estate.

7.      On September 1, 2015, the Trustee filed a Certification of Counsel which stated the Trustee had agreed to sell the Third-Party Claims to the Third-Party Defendants

and release any of the Debtor's or the Debtor's estate's claims against the Third-Party Defendants. (Document No. 1032).

8.      On September 8, 2015, this Court entered an Order Approving Settlement Agreement (Document No. 1032) and as a result, the Trustee agreed to sell the Third-Party Claims to Keeley and Stamm, the Third-Party Defendants in the State Court Case for $10,000.00.  This was a good faith, arms-length settlement.

9.      The Debtor Insurers' lack of standing is even more evident when considering the State Court's dismissal of the contribution claims was not a violation of the automatic stay.

10.      Finally, the Debtor's Insurers argue that "if the Debtor's contribution claims against the Third-Party Defendants in the State Court Case are successful, the Debtors exposure could be reduced by millions of dollars."  (Debtor's Insurance Companies' Motion, ¶ 30.)  This argument is not correct.  The Debtor has no exposure in the State Court Case.  This Court lifted the stay to allow the plaintiffs in the State Court Case to proceed and recover only to the extent of the Insurers' available coverage.

## CONCLUSION

11.      The settlement between Keeley and also for Stamm and the Trustee was settlement entered in good faith for valid and fair consideration, and the Debtor's Insurers concede there will be no recovery for the bankruptcy estate.

WHEREFORE, Stamm Transport, Inc. objects to the Debtor's Insurance Companies' Motion (document 1042) for the legal reasons stated herein.

/s/ John H. Marshall

_____

John H. Marshall #312736
THE RABBITT LAW FIRM, LLC
Stamm Transport, Inc.
231 South Bemiston, Suite 1200
St. Louis, Missouri 63105
314-881-6600
314-881-6611 (Fax)
marshall@rabbittlawfirm.com

Copy of the foregoing  served via the Court's electronic filing system this 6th  day of
October, 2015.

/s/ John H. Marshall

_____