**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| HIGHWAY TECHNOLOGIES, INC., <u>et al.</u>,[1] | : | Case No. 13-11326 (KJC) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Hearing Date: December 7, 2015 at 10:00 a.m. |
| | : | Obj. Deadline: November 30, 2015 at 4:00 p.m. |

**TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT
PURSUANT TO FED. R. BANKR. P. 9019**

Charles A. Stanziale, Jr. (the "<u>Trustee</u>"), in his capacity as the Chapter 7 Trustee of the estates (the "<u>Estates</u>" and each an "<u>Estate</u>") of Highway Technologies, Inc. (the "<u>Debtor</u>"), by and through his undersigned counsel, hereby moves this Court for entry of an Order Approving Settlement Pursuant to Fed. R. Bankr. P. 9019 (the "<u>Motion</u>"), and in support thereof, states as follows:

**JURISDICTION, VENUE, PREDICATES FOR RELIEF**

1. The United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>" or the "<u>Court</u>") has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicate for the relief requested herein is Bankruptcy Rule 9019.

**BACKGROUND**

4. On May 22, 2013 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>") in the Bankruptcy Court.

---

[1] The Debtors in these proceedings and the last four digits of the Debtors' respective federal taxpayer identification number are as follows: Highway Technologies, Inc. (6608); and HTS Acquisition, Inc. (9831).

5. On June 11, 2013, an Order was entered converting the Debtor's Chapter 11 bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code.

6. On December 20, 2013 (the "Conversion Date"), an Order [Docket No. 812] was entered converting the Debtors' cases under Chapter 11 of the Bankruptcy Code to cases under Chapter 7 of the Bankruptcy Code.

7. On the Conversion Date, the Office of the United States Trustee for the District of Delaware appointed [Docket No. 813] Charles A. Stanziale, Jr. as the Interim Chapter 7 Trustee in the Debtors' bankruptcy cases.

8. On January 19, 2011, individuals Edward Kimme and Dennis Knut (the "State Court Action Plaintiffs") filed a complaint against, among others, Highway Technologies, in the Circuit Court, Twentieth Judicial Circuit, St. Clair County, Illinois (the "State Court") docketed as Case No. 11 L 30 (the "State Court Action").  Through the State Court Action, the State Court Action Plaintiffs seek to recover damages from the Debtor arising out of the Debtor's alleged negligence in a 2010 motor vehicle accident.

9. The Debtor, in turn, filed third-party claims against, *inter alia*, Keeley & Sons, Inc. ("Keeley") and Stamm Transport, Inc. ("Stamm," and collectively with Keeley, the "Settling Parties," and the Settling Parties collectively with the Trustee, the "Parties") in the State Court Action.  Specifically, the Debtor filed its Second Amended Third-Party Complaint against Keeley on September 24, 2012 asserting claims for contributory negligence under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1, *et seq*., and breach of contract due to Keeley's failure to procure insurance on behalf of the Debtor.  Likewise, the Debtor filed its Third-Party Complaint against Stamm on February 13, 2013 sounding in negligence and seeking contribution under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1, *et seq.*

ME1 21348079v.1

(collectively with the third-party claims against Keeley, the "Third-Party Claims"). The Third-Party Claims would not have resulted in any monetary recovery to the Debtor's Estate nor its creditors, rather, the Third-Party Claims, if successful, would have resulted in (at most) a judgment in favor of Debtor and against the Settling Parties for a dollar amount up to (but not beyond) the dollar amount for which the Debtor itself was found liable to the State Court Action Plaintiffs in the State Court Action. In addition to the Third-Party Claims providing no opportunity for recovery of monies for the Estate's creditors, the Debtor is exposed to potential expenses, such as legal fees and costs, associated with matters related to the Third-Party Claims and the State Court Action that would conceivably accrue through trial and post-trial procedure in the State Court Action.

10. On December 9, 2014 (a date subsequent to the Petition Date), Keeley filed its Motion to Dismiss in the State Court Action, which sought dismissal of the Debtor's Third-Party Claims brought against it, and on February 10, 2015 (a date also subsequent to the Petition Date), Stamm filed its Motion to Dismiss in the State Court Action (collectively with Keeley's Motion to Dismiss, the "Motions to Dismiss"), which sought dismissal of the Debtor's Third-Party Claims brought against it. The Motions to Dismiss are based upon the Debtor's purported lack of standing to pursue its Third-Party Claims due to the filing of the bankruptcy petition.

11. On February 11, 2015, the State Court granted the Motions to Dismiss, disposing of the Debtor's Third-Party Claims (the "February 11, 2015 Order"); and

12. On July 28, 2015, the Trustee filed with the Bankruptcy Court the *Motion to Vacate February 11, 2015 Order of the Circuit Court of St. Clair County, Illinois As Void ab initio* [Docket No. 1021] (the "Vacate Motion"). The Vacate Motion sought an order vacating the February 11, 2015 Order of the State Court as void *ab initio* and reinstating Highway

Technologies' Third-Party Claims.

13. On July 28, 2015, the Trustee filed with the Bankruptcy Court the *Motion of the Trustee for an Order Authorizing the Trustee to Abandon Third-Party Claims of Debtor Highway Technologies, Inc.* [Docket No. 1022] (the "Third-Party Motion" with the Vacate Motion, the "Motions"). The Third-Party Motion sought an order authorizing the Trustee to abandon his right to pursue certain third-party claims of Highway Technologies.

14. The Notice to the Motions provided that any objections or responses to the Motions were to be filed with the Bankruptcy Court and served upon the undersigned counsel by 4:00 p.m. on August 18, 2015.

15. On August 18, 2015, Stamm filed its Objection [Docket No. 1027] to the Vacate Motion. No other formal objections were filed with respect to the Motions.

16. The Parties engaged in discussions concerning the form of relief sought in the Motions. As a result of these discussions, the Parties settled all claims by and between the Parties (the "Settlement") as provided for in a settlement agreement available on the Bankruptcy Court Docket as Docket Document No. 1032-1 (the "Settlement Agreement").

17. On September 1, 2015, the Trustee filed a *Certification of Counsel* regarding the aforementioned Settlement. [Docket. No. 1032]. On September 8, 2015, this Court entered the *Order Approving Settlement Agreement* [Docket No. 1034] (the "Settlement Order").

18. The Trustee contends that the process by which the Settlement Order was sought and entered was proper, and that this Court properly adjudicated the Settlement, however, for reasons set forth in Court on the record on October 13, 2015, the Trustee brings this Motion for the Court's consideration and final approval of the Settlement.

19. The Trustee seeks Court approval for the Settlement, the terms of which have not

4

changed and are still provided for in the Settlement Agreement.

## SUMMARY OF SETTLEMENT[2]

20. The general terms of the Settlement include, but are not limited to, the following: Stamm agrees to (i) pay to the order of "Charles A. Stanziale, Jr., as Trustee of Highway Technologies, Inc.," the sum of Ten Thousand Dollars and Zero Cents ($10,000.00); (2) the Trustee, in both his individual and representative capacities as the Trustee and on behalf of the Debtor and its Estate, hereby releases and forever discharges Stamm and Keeley from any and all claims, claims for relief, demands, costs, expenses, damages, liabilities, debts, obligations and causes of action of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, known or unknown, anticipated or unanticipated, or hereafter becoming known that were or could have been asserted in connection with the Debtor and its bankruptcy case and Estate, including but not limited to Debtor's Third-Party Claims; (3) on the effective date, any and all proofs of claim filed against the Debtor by Stamm and Keeley will be deemed withdrawn with prejudice, null and void and of no effect, and Stamm and Keeley will not file any other proof of claim in the Debtors' case; and (4) all Parties will release each other from any and all claims.

---

[2] This summary is included solely for ease of reference but is in no way controlling over terms contained in the Settlement Agreement.

ME1 21348079v.1

**RELIEF REQUESTED**

21. By this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the Settlement.

22. Bankruptcy Rule 9019 governs the approval of compromises and settlement, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019.

23. The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims . . .") (internal citation marks and quotation marks omitted).

24. In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate . . . the complexity, expense and likely duration of such litigation . . . all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

25. The United States Court of Appeals for the Third Circuit has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.,* 434 F.3d 639, 644 (3d Cir. 2006).

26. Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296. In making its decisions, the bankruptcy court should not substitute its judgment for that of the debtor. The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

27. In passing upon the reasonableness of a proposed compromise, the Bankruptcy Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*,

226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

28.  The Trustee believes that the Settlement rises well above the "lowest point in the range of reasonableness." Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Settlement.[3] The Court should therefore approve the Settlement pursuant to Bankruptcy Rule 9019 and applicable law.

**Probability of Success in Litigation**

29.  The dispute, and the Settlement thereof, relate to the Third-Party Claims in the State Court Action. As stated above, there is no potential for recovery of any monies to the Estate or its creditors that could result from the Third-Party Claims. Rather, the Third-Party Claims, if successful, would have resulted in (at most) a judgment in favor of Debtor and against Keeley and Stamm for a dollar amount up to (but not beyond) the dollar amount for which the Debtor itself was found liable to the State Court Action Plaintiffs in the State Court Action.

30.  Absent the Settlement, the Third-Party Claims would have to be litigated with no assurances of favorable outcome for the Debtor's Estate. Even the most favorable outcome in the State Court Action will result in zero dollars for the Debtor's creditors. Alternatively, the resolution of the Third-Party Claims under the terms and conditions of the Settlement is a favorable outcome for the Debtors' Estates and their creditors because the resolution will result in money to the Estate and will save the Debtors' Estates from incurring possible expenses

---

[3] The Trustee believes that the Settlement does not present any issue regarding the second *Martin* factor (consisting of likely difficulties in collection). Therefore, this factor weighs neither in favor nor against approval of the Settlement Agreement.

related to the State Court Action or any attendant litigation and protect the Debtors from the risk of an unfavorable outcome. Indeed, the Trustee evaluated and considered the merits of any affirmative defenses to the Third-Party Claims asserted by the Settling Parties when entering into the Settlement.

### Complexity of Litigation Involved, and Expense, Inconvenience, and Delay Necessarily Attending the Litigation

31. The Third-Party Claims involve sufficiently complex legal and factual issues relating to the State Court Action, which could potentially require protracted litigation. The Debtors' Estates should not be compromised by potential exposure to expenses associated with such litigation. The Settlement avoids these obstacles in favor of a prompt and efficient resolution without the need to expend Estate resources.

### Paramount Interest of Creditors

32. Finally, entry into the Settlement also serves the paramount interest of the creditors of the Debtors' Estates. Resolution of the Third-Party Claims through the Settlement represents a successful outcome for the Debtors' creditors by obviating the need for potentially protracted litigation and the potential expenses attendant to such litigation. Moreover, the Settlement will result in the Estate receiving money for the Debtor's creditors as opposed to the Estate receiving no money even if the best possible result is achieved by the Debtor in the State Court Action. Only the Settlement will result in money to the Estate thereby putting the Estate's creditors first which is the Trustee's mandate. The fourth *Martin* factor is therefore satisfied and weighs heavily in favor of the Court approving the Settlement.

33. Based on the foregoing, the Trustee submits that approval of the Settlement is in the best interests of the Debtors' Estates and their creditors because it eliminates the possibility of any protracted litigation with the Settling Parties, eases the administrative burden on these

Estates, and provides for a meaningful recovery in the amount of $10,000.00 (which is $10,000.00 more than the Estates would realize if the Third-Party Claims were successfully litigated to the end in the State Court Action) for the benefit of the Debtors' Estates and their creditors.  The Settlement therefore represents a compromise between the Trustee and the Settling Parties that is fair and equitable and in the best interests of the Debtors' Estates and their creditors.

### NOTICE

34. The Trustee has served notice of this Motion on the United States Trustee, the Settling Parties, and parties who are required notice under Bankruptcy Rule 2002.

35. No prior request for the relief sought herein has been made to any court except the previous relief sought from the Bankruptcy Court as mentioned above.

### CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter the attached Proposed Form of Order granting Trustee's Motion approving the Settlement and granting such other and further relief as the Court deems just and equitable.

Dated: November 11, 2015
       Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

By: */s/ William F. Taylor, Jr.*
William F. Taylor, Jr. (DE #2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone (302) 984-6300
Facsimile (302) 984-6399
wtaylor@mccarter.com

*- and -*

10

ME1 21348079v.1

Charles A. Stanziale, Jr., Esq.
Jeffrey T. Testa, Esq.
Daniel R. Seaman, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444

*Attorneys for the Trustee*